John Fitzgibbon *et al.*, Plaintiffs in Error, *v.* David J. Lake *et al.*, Defendants in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

The record of a guardian's sale may be offered in defense of an action in ejectment by those deraigning title under the record; if the court ordering the sale had jurisdiction in the premises.

The minors need not be parties to the proceeding, asking an order of sale; the application is for their benefit; and not adverse to them.

Whether one of two guardians named in a will, had authority to apply for an order of sale, was for the court, where the application was made, to determine. And so of the regularity of the sale, that court would determine that question upon hearing.

An order entered by mistake dismissing the proceeding after decree and before the confirmation of sale, would not vacate the order of sale, nor revoke the authority of the guardian.

A purchaser of land under such a sale, is not responsible for the order of the court in appropriating the money realized from the sale; and although it may have been misapplied, the purchaser's title would not be affected thereby.

This was an action of ejectment, tried before Van H. Higgins, one of the judges of the Superior Court, without a jury, at the January term, 1862.

Plaintiffs in error were plaintiffs below.

The declaration is in usual form; describes the premises as lot 29, in block 4, of Fort Dearborn Addition to Chicago, in Cook county, Illinois; alleges that plaintiffs claim the same in fee, and were ejected by defendants, August 1, 1860.

Plea, not guilty.

Trial by the court, and finding and judgment for defendants.

The bill of exceptions shows that plaintiffs introduced in evidence—

1. A stipulation between the parties, admitting that defendants were in possession at the commencement of the suit.

2. A patent from the government of the United States, to one Patrick Fitzgibbon in fee for the premises, dated November 1, 1839.

3. The last will and testament of said Patrick' Fitzgibbon, dated October 6, 1846, admitted to probate in said county, October 19, 1846, in which, after bequests to his wife and daughter, both named Mary, is this clause: "Thirdly, I give and bequeath to my two sons, John and William, jointly, my house and lot in Fort Dearborn Addition to Chicago." And also, this: "I do appoint Edward Fitzgibbon and Rev. Walter Quarters my executors to carry out my intentions as herein expressed, and settle up my estate, and to act as guardians to my children until they are of age."

4. Deed in fee simple from John Fitzgibbon to Evert Van Buren, and Joseph E. Gary, for one undivided fourth of the premises.

And then called as a witness, one *John Ryan*, who testified as follows:

I knew Patrick Fitzgibbon for twenty-four years; he died in Cook county about twelve years previous. Knew Edmond Fitzgibbon; he took Patrick's children after his death. Patrick left three children—John, William and Mary. I reside on lot 28, block 4, Fort Dearborn Addition to Chicago. Lot 29 is next east of mine. Patrick Fitzgibbon was on lot 29 since the same was sold by the United States in 1839. In 1839, he moved a house on lot 29, and moved into it. The youngest boy and girl were born there—the eldest was a small child then. Patrick did not reside on the lot at the time of his death; moved from there about a year before. Children resided in Cook county at the time of guardian's sale.

The defendants called *Edmond Fitzgibbon*, who testified as follows:

Patrick was my brother; had no relation or friend named Edward; knew no such person. I proved the will and took upon myself the execution of the will. I was frequently called, and name often written, Edward. I acted as executor and guardian; gave bonds and qualified as guardian; filed petition for sale of premises. Had a conversation with Rev. Mr. Quarters about qualifying to act as guardian and executor, and he said that he would see that it was carried out properly, but never acted as guardian. I objected at the time to having anything to do with it, but Mr. Quarters told me to go on and get out letters, and he would see that it was duly carried out. He was clergyman for Chicago. John is now about twenty-two, and William nineteen years of age; Mary is younger. I am the only one that has acted as guardian or executor. The premises were sold for their fair value at the time; property was very low—no sale for it.

*Henry L. Rucker* testified, that Edmond Fitzgibbon was the person intended by the name of Edward, in the will, and that he knew the will.

*Thomas Hoyne* testified, that he was probate judge at the time of the guardian's sale; that his impression is, that he received from Rev. Mr. Quarters a letter declining to act as guardian. Thinks letters of guardianship were issued to Edmond alone; they would have issued at the date of the bond; no recollection of but one bond.

*Charles B. Hosmer* testified, that he had searched the records of the probate court, and could not find any letters of guardianship, or entry of appointment.

Defendants then read in evidence a bond executed by said Edmond as guardian of said John, William and Mary, dated April 29, 1848, seven days after the sale, and five days before the date of guardian's deed; also, letters testamentary to him, and records of the court that he proved the will, and records of allowance of his accounts as guardian.

The defendants then offered in evidence the records of the Cook County Court of Common Pleas, of the proceedings had

in said court, on the application of said Edmond Fitzgibbon, to sell the said premises—which record contains:

Petition of Edward Fitzgibbon, filed January 7, 1848, stating that he is testamentary guardian of John, William and Mary, minors. That he has faithfully applied all their personal estate, and that there is not sufficient personal estate in his hands for their education and support, but that they own the premises in controversy, describing them, and prays authority to sell, etc.

Guardian's notice of application for an order to sell, and printer's certificate of publication, that it had been published "four weeks commencing with the 7th day of January, 1848."

Order to sell, made March 11, 1848, reciting that the petition of Edward Fitzgibbon, as such guardian, came on to be heard; and the court being satisfied that due notice had been given in a newspaper, published in said county, more than three weeks before the court, and that said Edmond was duly appointed guardian, by the last will and testament of said Patrick, and that the guardian had faithfully applied the personal estate, and that it was necessary to sell their real estate, and that they owned the premises in controversy—orders that the said premises be sold by the guardian, and the proceeds be applied towards the support, etc., of the said wards; that the sale be made at the court-house in Chicago, on the 17th of April, 1848; prescribes the terms, and requires him to report at the next term, "to which term this cause stands continued."

The next entry in the record, is November 22, 1853, as follows: "This day comes the said petitioner, by Thomas Hoyne, his solicitor, and on his motion, it is ordered that this cause be dismissed at the cost of said petitioner."

The next is June 9, 1855. Said Edmond files his affidavit that he sold the premises on the 22nd of April, 1848, to Daniel Green, for $840, and that the cause, by mistake, and against the rights of said purchaser, on motion of Edmond's attorney, made inadvertently, was dismissed.

Affidavit of Thomas Hoyne, that he was ignorant of the

dismissal ; that the guardian had performed the decree, and he supposed that a report had been made and confirmed.

Motion, June 9, 1855, to reinstate and confirm sale.

Report of guardian filed June 9, 1855, that he advertised and offered the premises for sale on the 17th day of April, 1848 ; there being no bidders, he adjourned to the 22nd of April, 1848 ; again advertised, and then sold to Daniel Green for $840; that the purchase money had been paid, and deed made.

Order entered June 9, 1855, that the cause be reinstated ; recites the guardian's report; confirms it, and declares sale and deed valid.

To the admission of this record of the Cook County Court of Common Pleas the plaintiffs objected, on the ground that the proceedings were void against them, for the following reasons :

That the court had no jurisdiction.

That the said John and William were not parties thereto.

That the said Edmond alone, with his co-guardian, could not institute them.

That the sale was not in compliance with the order of the court.

That the proceedings having been dismissed, the confirmation was void.

That the lands of John and William could not be applied in whole, or in part, for the benefit of Mary.

The court below overruled the objection, admitted the record, and plaintiffs excepted.

Defendants then offered the guardian's deed to Green, and *mesne* conveyances from him, deraigning his title to some of themselves, in evidence; to which plaintiffs objected, on the ground that the title they purported to convey was void as against the plaintiffs, but the court overruled the objection, and plaintiffs excepted.

The court below found for defendants, and plaintiffs excepted and moved for a new trial, for the reasons, that the court erred in admitting said record and deeds, and finding for defendants ; which motion was overruled, and judgment

12

entered for defendants; to which decisions in overruling said motion and rendering said judgment, plaintiffs excepted.

Plaintiffs below bring the cause to this court and assign for error, that the court below erred—

In admitting said record of Cook County Court of Common Pleas in evidence.

In admitting the guardian's deed to Green, and *mense* conveyances from him, in evidence.

In finding for the defendants.

In overruling plaintiffs' motion for a new trial.

In rendering judgment for defendants.

VAN BUREN & GARY, for Plaintiffs in Error.

The only contest between the parties in this cause, is upon the validity of the guardian's sale, under the proceedings stated in the record. If that sale was valid, the judgment is right; if not, wrong.

The first point we make against it is, that the plaintiffs, John and William Fitzgibbon, whose property was sold, were not parties to the proceedings in which the order of sale was obtained. *In re Sturms et ux.*, 25 Ill. 390; *Hoare* v. *Harris*, 11 Ill. 24; *Bowles* v. *McAllen*, 16 Ill. 30.

Nor was there any guardian *ad litem* appointed for them. *Loyd* v. *Malone*, 23 Ill. 43, 44; *Whitney* v. *Porter*, 23 Ill. 445.

That Edmond Fitzgibbon, one of the testamentary guardians, could not alone, without his co-guardian, Rev. Walter Quarters, institute such proceedings. Although the office is not a mere naked power, but is coupled with an interest, and therefore survives, after the death of one of them, to the other, (*Eyre* v. *Countess of Shaftsbury*, 2 P. Wms. 103), yet during the life of both donees, they must join in the execution of the power. *Sinclair* v. *Jackson*, 8 Cowen, 543, 583.

There is no statute to aid, as in the case of executors. *Clinefelter* v. *Ayres*, 16 Ill. 329.

Joint testamentary guardians are " strictly like the case of an administration granted to two," who must join in applying to sell the lands of the intestate. 2 P. Wms. 103; *Thorp* v.

*McCullum*, 1 Gilm. 614, 625, 629; *Gregory* v. *McPherson*, 13 Cal. R. 562, 578.

The sale was ordered to be made on 17th April, 1848, but was made on the 22nd of same month.

The statute requires the court to direct the time of sale. Scates' Stat. 552, sec. 10.

A sale at another time must be void. *Wellman* v. *Lawrence*, 15 Mass. 326—330; *Reynolds* v. *Wilson*, 15 Ill. 394.

A void act cannot be confirmed. *Sinclair* v. *Jackson*, 8 Cowen R. 543, 583.

Even the legislature cannot do it. *Lane* v. *Soulard*, 15 Ill. 123; *McDaniel* v. *Correll*, 19 Ill. 226.

There is no analogy here to the cases of sales made by order of the court of chancery, who exercise their own discretion, as described in *Garrett* v. *Moss*, 20 Ill. 549—554.

" Neither the guardian nor the court could contrive to vest the title in any other mode than that provided by the statute." *Young* v. *Keogh*, 11 Ill. 642.

This is not an irregularity; the act is void. The court derives its authority from the statute; it must pursue the statute or its acts are void. Plowd. 206; 4 Mass. 117; 7 ib. 79, 85; 11 ib. 506; 6 Hill, 415, 417; 2 Vesey, 23; 4 Comst. 257, 266; 1 Hill, 130; 6 Wheat. 119; 7 Wend. 148, 151; 10 Peters, 174, 175.

The proceedings having been dismissed by the court before confirmation of the sale, the subsequent confirmation was void, and no title passed.

Without confirmation, the sale is nothing. *Young* v. *Keogh*, 11 Ill. 642.

Equity cannot supply the want of it. *Young* v. *Dowling*, 15 Ill. 481.

The confirmation is a judicial act. *Halleck* v. *Guy*, 9 Cal. R. 181, 195.

Unless judicial, a court would have no power to perform it, for a court has no other functions than judicial. Nor could error be assigned for granting or refusing, as in *Ayres* v. *Baumgarten*, 15 Ill. 445; *ex parte Guernsey*, 21 Ill. 443.

The court had, by this dismissal, lost all control of the case; insufferable frauds would be the result of a contrary decision.

*Eddy* v. *The People*, 15 Ill. 386; *Smith* v. *Wilson*, 26 Ill. 186; *Turney* v. *Turney*, 24 Ill. 625; *Turney* v. *Young*, 22 Ill. 253; *O'Conner* v. *Mullen*, 11 Ill. 57, 116; *Chase* v. *Hathaway*, 14 Mass. 222; *Coughran* v. *Gutchens*, 18 Ill. 390; *Lampsett* v. *Whitney*, 3 Scam. 170; *Cook* v. *Wood*, 24 Ill. 295; *Whitney* v. *Porter*, 23 Ill. 445.

The premises belonged to plaintiffs, John and William Fitzgibbon, but were sold for the support and education of John and William, and Mary, their sister. This could not be. The statute (sec. 10, before cited) authorizes " the sale of the real estate of the ward," "for the support and education of the ward;" not for the support and education of any other person. *Young* v. *Lorain*, 11 Ill. 624, 638, 639.

The plaintiffs, John and William Fitzgibbon, could not be divested of their estate while infants, in any other mode, nor for any other purpose, than the statute authorized. *Rogers* v. *Dill*, 6 Hill R. 415.

And if the purpose was in part unauthorized, the whole act was void. *Litchfield* v. *Cudworth*, 15 Pick. 23, 31, 32.

Hosmer & Peck, and Waite & Towne, for Defendants in Error.

That John and William were parties to the proceedings for the sale of the land. And no guardian *ad litem* was required. The ordinary rule in chancery is, that the infant must file his bill by his guardian or next friend, as in *Hoare* v. *Harris*, 11 Ill. 24. In case of partition, the statute expressly requires the infant to petition by his guardian, as in *Bowles* v. *McAllen*, 16 Ill. 30.

This is a statutory proceeding, and not according to the course of the common law. The court must look to the statute. *Young et al.* v. *Lorain et al.*, 11 Ill. 636, 637; *Harvey's Case*, 16 Ill. 132.

The statute is express that the petition shall be made by the guardian. Rev. Stat., Scates' Comp., p. 552.

The wards were in court by the guardian; they need not have any other day in court. *Mason* v. *Wait*, 4 Scam. 133; *Gibson* v. *Roll*, 27 Ill. 88; *Smith* v. *Race*, 27 Ill. 387.

The notice by publication, and the petition by the guardian, gave the court jurisdiction of the parties and of the subject matter. *Bowles' Heirs* v. *Rouse, Adm'r,* 3 Gilm. 419 ; *Stow et al.* v. *Kimball,* 28 Ill. 93 ; *Young et al.* v. *Lorain,* 11 Ill. 638 ; *Harvey's Case,* 16 Ill. 130 ; *Weaver's Appeal,* 19 Penn. 416 ; *Murphy's Appeal,* 8 Watts & Serg. 169 ; and cases cited above.

This proceeding is in the nature of an action *in rem,* although not strictly so. 1 Ala. 732 ; 28 Ala. 164, 218 ; 2 How. U. S. 338 ; 2 Peters, 165 ; 11 Serg. & R. 429.

The sale passed all the interest of the wards, and is conclusive upon them.

If the court had jurisdiction, its decree cannot be collaterally attacked. *Young et al.* v. *Lorain,* 11 Ill. 638; *Harvey's Case,* 16 Ill. 130 ; 2 Doug. Mich. 496 ; 2 How. U. S. 338 ; 2 Peters, 165 ; 11 Mass. 227 ; 11 Serg. & R. 429.

Failure to appoint a guardian *ad litem* would, at the most, be error only. 21 Ill. 138 ; 1 McLean ; 3 A. K. Marshall, 253.

No guardian *ad litem* need be appointed. *Smith* v. *Race,* 27 Ill. 387.

That one of the two guardians appointed by the will could make a valid sale.

One of the guardians refused to act.

In cases of joint guardianship, the office is joint and several. And if one dies, resigns, or declines to act, the office remains to the other. 2 Peere Williams, 106 ; Bacon's Abr., title Guardian, vol. 4, p. 544 ; 2 Johnson's Cases, p. 59 ; 11 Leigh, 427 ; 1 Hopkins, 309 ; 10 Verm. 430.

If one declines or refuses to take upon himself the guardianship, it is as if he had never been appointed, and the other is the guardian. 1 Schoale & Lefroy, 106 ; 11 Leigh, 427 ; 10 Verm. 430.

Each of two joint guardians is a complete guardian, and they need not join in their acts. 2 Peere Williams, 106 ; 1 Hopkins, 309 ; 11 Leigh, 427.

It was discretionary with the court to allow one of the guardians to make the sale. *Bickle, Adm'r,* v. *Young,* 3 Serg. & Rawle, 283 ; *Doe* v. *Harvey,* 5 Blackf. 487.

That the sale made on the 22nd of April, was valid when confirmed by the court.

The guardian was acting as an officer of the court. *Harvey's Case,* 16 Ill. 130.

The record shows that the guardian duly offered the property for sale on the day indicated by the court; and that there being no bidders, he adjourned the sale until the 22nd of April, of which due notice was given by advertisement n the same newspaper in which the original notice of the sale had been given.

A substantial compliance with the order of the court is all that is required. *Garrett* v. *Moss,* 20 Ill. 554

A trustee in selling under a trust deed which required him to give notice of the time and *place* of the sale, advertised a sale to take place on the premises, but actually made the sale some eighty yards off, and yet the sale was upheld. *Ferguson* v. *Franklin,* 6 Munf. 305.

A trustee in selling under a trust deed may regularly adjourn the sale by giving notice to all concerned of the time and place to which it is adjourned; and the sale made upon the adjourned day is in legal effect the sale of which the previous notice was given. *Richards et al.* v. *Holmes et al.,* 18 How. U. S. 147.

An officer selling property under an execution has power to adjourn the sale to a different day, and to another place. *Tinkom* v. *Purdy et al.,* 5 Johns. 335; *Russell* v. *Richards et al.,* 11 Maine, 371; *Warren* v. *Leland,* 9 Mass. 265; *Long* v. *Worthington,* 4 Barr Penn. R. 155.

A mortgagee, in selling under a power conferred by the statute of New York, which required a notice by publication for six months, could adjourn the sale to a different day, provided due notice was given of the adjournment; and he need not give a second notice of six months. *Jackson* v. *Clark,* 7 Johns. 223; 4 Denio, 104; 12 Wend. 57.

The confirmation of the sale made on the 22nd was in legal effect the same as if the court had originally ordered the sale to be made on that day.

The confirmation cured all the irregularities in the sale.

*Anderson* v. *Foulke*, 2 Harris & Gills, 346; *Bland et al.* v. *Muncaster*, 24 Miss. 62; *Garrett* v. *Moss et al.*, 20 Ill. 553, 554; *Doe* v. *Harvey*, 5 Blackf. 487.

The statute is imperative that the approval by the court and the recording of the report shall pass the title. Rev. Stat. Scates' Comp., p. 552.

That the confirmation was not void by reason of the pretended dismissal of the cause.

The decree directing the guardian to sell the land was a final decree. An appeal or writ of error would lie from it.

After a term had elapsed, the court had no power to set it aside. *Cook* v. *Wood et al.*, 24 Ill. 295; *Coughran* v. *Gutchens*, 18 Ill. 390; 1 Ala. 734.

Also, all the authorities cited by plaintiffs on this point.

The cause was subsequently reinstated by the court, upon the application of the guardian.

If the court, in assuming to dismiss this decree, committed error only, then it was merely error for the court to reinstate the cause after the lapse of a term.

The court, in reinstating the cause, acted upon the request of all who were interested in the proceedings.

The guardian appeared for the wards, and represented them; his acts were their acts. *Mason* v. *Wait*, 4 Scam. 133; *Palmer* v. *Oakley*, 2 Doug. Mich. 496.

The statutory notice had been given, and no one had appeared to resist the proceedings, so that there were no parties to be notified.

The true rule is, that the cause should not be reinstated after the lapse of a term, without saving the rights of all interested.

This has been done in this case.

The purchaser had a right to compel the guardian to make his report. *Harvey's Case*, 16 Ill. 130.

The statute says, it shall be the duty of the guardian, as soon as may be, to make his report. Rev. Stat., Scates' Comp., p. 552.

He is merely an officer of the court to carry out its decree. 16 Ill. 130.

This is clearly inconsistent with the idea that the guardian could dismiss the proceedings at any time, and thus avoid his duties and obligations.

That the interest which the wards had in the land was vested in the purchaser by the confirmation of the guardian's report.

The court then decided that the land belonged to the three minors. That question cannot be tried again in this action.

A purchaser at a judicial sale is bound only to look to the jurisdiction of the court and to the decree. 16 Ill. 130; 11 Ill. 638; 2 Mich. 496; 2 How. U. S. 338; 2 Peters, 165; 11 Mass. 227; 10 Peters, 473.

A court acquires jurisdiction when such a case is presented to the court as calls upon the court to proceed to act. 16 Ill. 130; 11 Ill. 130; 2 Mich. 496; 2 How. U. S. 338; 2 Peters, 165; 1 Ala. 732; 15 Ala. 761; 28 Ala. 225.

The court in this case was bound to take jurisdiction, for it was alleged in the petition that the land belonged to the three minors.

It then investigated the question, and determined that the land belonged to the three; that is now *res adjudicata,* and cannot be collaterally attacked.

If the purchaser (under a decree of the Orphan's Court) was responsible for their mistakes in point of fact, after they had adjudicated upon the facts and acted upon them, those sales would be snares for honest men. 2 Peters, 159; 11 Serg. & R. 429; 2 How. U. S. 342.

The question whether this property belongs to the two or the three, depends upon parol testimony and the recollection of witnesses; and for that reason, a decision once made should not be disturbed.

CATON, C. J. The whole of this case depends upon the admissibility of the record of the guardian's sale. That was the record of a court authorized by our law to order sales by guardians of the estates of infants, for their support or for reinvestment. This record is offered in defense of an action of

ejectment, by one claiming under the guardian's sale. It really seems difficult for even good lawyers to appreciate the difference between such a case and a direct proceeding upon such a record for the purpose of reversing the order of the court, although almost every volume of our reports might teach them the difference. In a collateral action like this, such a decree, let it be never so erroneous, is just as valid and binding as if it were regular in every particular, if the court had jurisdiction to render it. This question of jurisdiction is the only one which can now be inquired into. What, then, will give the court jurisdiction? This question we have often answered. We will quote the answer given in *Young* v. *Lorain*, 11 Ill. 637: "They all agree that enough must appear either in the application or the order, or at least somewhere on the face of the proceeding, to call upon the court to proceed to act; and all agree that when that does appear, then the court has properly acquired jurisdiction, or, in other words, is properly set to work."

Now this petition contains all that the statute requires, to authorize the court to order a sale of the minors' estate for their support. It states that the petitioner is testamentary guardian of these minors, naming them; that he has faithfully applied all the personal property belonging to the estate, and that he has not personal estate sufficient in his hands for their education and support; that the minors have real estate, describing it, which he asks to have sold, and the proceeds applied to their support and education. The first objection is, that the minors were not parties to the proceeding. This was not necessary, as the application was for their benefit. *Mason* v. *Wait*, 4 Scam. 127; and this case was approved and followed in several cases at the last term, not yet reported. See *Stow* v. *Kimball*, 28 Ill. 93. The next is, that the petitioner could not alone, without joining the other guardian named in the will, properly institute that proceeding. Whether the petitioner was the guardian, and had authority to institute the proceeding, was for that court to determine when it heard the petition. It decided he was, by granting the order, and we cannot reverse that decision here.

Again, it is said that the sale was not in compliance with the order of the court. That was for that court to determine when it approved of the sale. We cannot inquire into any such irregularity. Again, it is said the proceeding was dismissed before the sale was approved. After the decree, and before the report of the sale by the guardian, by mistake an order was entered, purporting to dismiss the proceeding. That did not vacate the order of sale, nor revoke the authority of the guardian to sell, and to report the sale to the court; and when such report was made, it was the duty of the court to act upon it. This was done, and the sale approved. Although the court formally vacated the order entered dismissing the proceeding, yet this was not necessary. The last objection is, that the lands of two of the minors could not be applied, in whole or in part, to the support of the other. It was not for the court to inquire, in this case, what was done with the money. If the court erred in directing an improper application of the money, the purchaser was not responsible for that. It was sufficient for him to see that there was an order for the sale of the land, made by a court which had jurisdiction to make the order. Such was undoubtedly the case, and the judgment must be affirmed.

*Judgment affirmed.*