Brookfield et. al. *v.* Goodrich et al.

## Benjamin F. Brookfield et al.

## *v.*

## Grant Goodrich et al.

| | |
|---|---|
| 32 | 363 |
| 87a | 581 |
| 32 | 363 |
| 91a | ²395 |
| 32 | 363 |
| d95a | ¹506 |
| 95 | ³508 |
| 95 | ³509 |
| 32 | 363 |
| e195 | ¹ 68 |

1. Recording of deeds, *and filing for record — the rule as to priority.* Two deeds of trust upon the same property, were handed to the recorder on the same day, by the same person, one immediately succeeding the other, and they were recorded in that order. *Held,* the presumption is, in the absence of proof to the contrary, that the deeds were filed for record in the order in which they were handed to the recorder, as was his duty to do.

2. Under our recording laws, the deed first filed and first recorded, is given the preference.

3. Where two deeds are recorded, one immediately succeeding the other, nothing appearing to denote any priority of one over the other as to the time of filing for record, the deed first recorded will be given the prior lien.

4. Same — *for whose protection.* Where two deeds of trust are executed to the same trustee, and upon the same property, to secure two different classes of bonds, which are in the hands of different holders, upon a question of priority as between the holders of the two classes of bonds, depending upon the time of filing the two deeds for record, the holders of the bonds, not the trustee, will be regarded as the true purchasers to be protected by the recording laws.

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE MANIERRE, Judge, presiding.

On the 10th day of December, 1861, Benjamin F. Brookfield, Job Carpenter, Isaac Metzger, Henry Oppenheimer, Charles G. Smith and Charles Letz, exhibited their bill in chancery in the court below, against Grant Goodrich, John McCaffery, and several others, setting forth that on the 1st of March, 1856, the defendant, McCaffery, borrowed of R. K. Swift, Brother & Johnston, the sum of $14,000; and to secure it gave them twenty-one bonds, payable five years thereafter, with interest at ten per cent. per annum, payable semi-annually. Seven of those bonds, numbered one to seven, were for $1,000 each— the remaining fourteen for $500 each. That to secure the payment of the bonds, McCaffery, at the same time, executed and delivered to Grant Goodrich, as trustee, two deeds of trust, both upon the same premises. That by one of the deeds of trust, marked 1, it was provided that in the event of non-payment of the seven bonds for $1,000 each, or either of them, then the trustee might sell the premises. By the other deed like provision was made as to the fourteen bonds for $500 each. A part of the bonds for $500 each were held by the complainants. The defendants, except Goodrich, the trustee, and McCaffery, the obligor, were the holders of the residue of the bonds.

The bonds all remained unpaid, except a portion of the interest.

It was alleged that the trustee pretended that the deed of trust, to secure the $1,000 bonds, was prior in time and right to the deed securing the bonds held by the complainants, and had given notice of an intended sale of the premises under the first mentioned deed, and threatened that out of the proceeds he should first pay the $1,000 bonds in full, to the exclusion of the holders of the $500 bonds.

That the proceeds of the sale, if made, would not be more than sufficient to pay the $1,000 bonds, and that McCaffery is insolvent.

It is claimed in the bill, that the making and delivering of

the twenty-one bonds, the lending of the $14,000, and the making, acknowledging and recording of the two deeds of trust, were one single and entire transaction; that no priority in time or right was given to either of said deeds of trust over the other. An injunction was prayed, in order to restrain the trustee from making sale in the manner he proposed, and the complainants claim they have an equal lien with all the other bond holders, upon the premises conveyed by the two deeds of trust. An injunction was granted — the defendants answered, and the cause came on for hearing.

The only question of fact to be presented is, whether the circumstances connected with the filing for record and recording of the two deeds of trust, were such as to give either priority over the other; and if so, to which deed does that priority attach.

*R. K. Swift,* one of the firm from whom the money was borrowed, testified on behalf of the defendants, that upon making the loan of $14,000 to McCaffery, he proposed that there should be two classes of bonds; seven of $1,000, first mortgage, and fourteen of $500 second mortgage, to which McCaffery assented. And the witness so instructed that the bonds and trust deeds should be made, and that the one designed as a second lien, should not be recorded until two weeks after the other. But he did not know when the deeds were recorded. He was not apprised that both the deeds were recorded on the same day until in the year previous to the hearing. The witness inquired of Mr. Rosenthal, his clerk, about it. He said he left them for record; had a sort of recollection that he was told to record the $1,000 bond deed first; that he did hand that to the recorder first; but immediately after handed, also, the other. Mr. Rosenthal did not understand the $1,000 bonds were first mortgage, or he would not have advised his client to buy one of the others.

*J. F. Wait* testified as follows: I am clerk in the recorder's office. My business is to receive all papers, file them for record, minute them in the abstract, and see to their recording. Have been in the business five and a half years,

coming November 16, 1856. I was preceded by Mr. O'Hara. If a person handed me two deeds successively, it was my practice to enter and record first, the one first handed; when two were handed together, I asked which they wished recorded first. That was the mode of doing business when I came into the office. I did so when I was in the office in 1846, and found the same practice when I returned in 1856. Between 1854 and 1856, I often went to the office with papers, and the clerk asked me the same questions. The one of these trust deeds, marked No. 1, was filed first. The number on the deed shows the order in which they were filed and recorded.

Upon cross-examination: When papers were handed together, and no directions given, I should enter first the one I first come at. These two trust deeds were filed and recorded in immediate succession, no other paper intervening; both recorded in one book. When requested, I make a memorandum of the hour of the day the deed is left for record, not otherwise. Thielcke was the clerk who then had charge of this matter; he is in the city.

*Julius Rosenthal,* on behalf of the complainants, testified:

I do not recollect whether I filed the trust deed in question. The clients referred to, in my statement to R. K. Swift, were Oppenheimer and Metzger, complainants herein. They bought the bonds they hold as first mortgage bonds; I sold to them myself, and know they so bought; it was in October or November, 1857.

It was then orally agreed between the parties, that bonds 8, 9, 10 and 11, were, in the summer of 1857, and after bonds 1 to 7 were sold, and the succeeding bonds sold after that, and after R. K. S., Bro. & J. failed; and further, that the deeds of trust were actually recorded in the same order as filed, the one immediately preceding the other, and no further evidence was offered by either party.

The court below entered a decree dissolving the injunction, and dismissing the bill for want of equity therein, with costs.

The complainants thereupon took this appeal, and now insist

that there was no priority of lien as between the two deeds of trust, and therefore the decree below was erroneous.

Messrs. WALKER & THOMAS and M. F. TULEY, for the appellants.

Messrs. E. & A. VAN BUREN, for the appellees.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court:

Our statute settles the question in this case, without cavil or controversy. Which deed was first handed to the recorder, or whether any instructions were given at the time the deeds were left for record, is uncertain from the oral testimony, but whether so or not, the statute itself, and the policy of the recording law, give the deed first filed and first recorded the preference. The twenty-third section of our statute, concerning conveyances, is this: " All deeds and mortgages, and other instruments of writing which are required to be recorded, shall take effect and be in force from and after the time of filing the same for record, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, until the same shall be filed for record." In the absence of proof to the contrary, the presumption is, that the deeds were filed for record in the order in which they were handed to the recorder, as the law made it his duty to do, and upon this presumption, the purchasers of the several classes of bonds secured by these deeds had a right to act. The trustee in these cases, is not the true purchaser and to be protected by the recording laws, but the purchasers of the bonds are the true purchasers. It was their right and their duty to examine the records of these deeds, and there they found that the deed securing the $1,000 bonds was first recorded, and by our recording laws was entitled to a preference, and upon this law they could securely repose in purchasing this class of bonds, knowing that the law gave them a preference; and so too, the purchasers of the other bonds were in duty bound to examine

the same record, by which they were told that these bonds were secured by a second lien upon the premises, and that they must be postponed until the bonds secured by the deed first recorded were all paid. If they took the assurance of the seller, that these bonds were secured by a first lien, that was their own folly. To make good that assurance, would be a fraud upon the purchasers of the first bonds, who had a right to rely upon the law and the record, which declare that they are entitled to a first lien.

The decree of the court below was correct, and must be affirmed.

*Decree affirmed.*