SOPHIA DELANO

*v.*

JOHN I. BENNETT.

1. RECORDING LAW—*deed first recorded takes precedence.* Under our recording laws where a party makes two conveyances of the same land, the deed first filed for record is given the preference and passes the title.

2. SAME—*presumption as to time of recording.* Where a clerk's certificate to a copy of the record of a deed states it to be a true copy as "appears of record in book D, pages 172, etc., first of State recorder's office at Vandalia, Illinois, and now in" his office remaining, but there is nothing to indicate when the deed was recorded, it will be held to have been recorded in the State recorder's office some time before June 1, 1833, the day such office was abolished.

3. POSSESSION—*no presumption when taken.* Where a party claiming title to land is shown to have been in possession in 1866, it can not be presumed that any one was in actual possession in or prior to the year 1833, when a deed was recorded under which an adverse claim in made.

4. MORTGAGE—*conveyance of mortgagee's interest.* A mortgage being a mere incident to the mortgage debt, a conveyance of the mortgagee's interest in the land without foreclosure, and without an assignment of the debt, is considered, in law, a nullity and passes no title.

5. EVIDENCE—*decree against one not a party.* A decree in a suit for the partition of land by heirs, which finds the allegations of the petition true, among which is that of the death of a person and the heirship of the parties, is *prima facie* evidence of the death and heirship, against a party in ejectment, though he was not a party or privy to the partition suit.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. PEPPER & WILSON, for the plaintiff in error.

Mr. JOHN I. BENNETT, and Mr. J. C. DUNLEVY, for the defendant in error.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of ejectment, brought by plaintiff in error, to recover the south-east quarter of section 36, in township 13 north of range 4 west, in Mercer county, in this State, there being also a count in the declaration for the recovery of an undivided four-fifths of the tract.  There was a judgment in the court below for the defendant.

It is admitted by both parties that, on October 29, 1821, the title to the whole quarter section was in Jesse Robinson, Benjamin Wales, Ariel Mann, Gideon Farrell and E. T. Warren, one-fifth in each.  Plaintiff makes no claim to the one-fifth interest then vested in Ariel Mann.  The controversy is as to the four fifth interests then vested in the other four persons named.

Gideon Farrell conveyed his one-fifth interest to E. T. Warren by deed dated November 2, 1825.

August 2, 1827, E. T. Warren conveyed his two-fifths which he then held to the Kennebeck Bank of Maine.  The Kennebeck bank conveyed the two-fifths deeded by Warren to the bank, to Benjamin Wales, Kilbourn G. Robinson and Jesse Robinson, October 1, 1831.  Benjamin Wales and Kilbourn G. Robinson sold and conveyed their interest to Jesse Robinson June 15, 1832.

Jesse Robinson made two deeds of his interest, one to E. T. Warren, dated June 23, 1828, the other to John Tillson, Jr., dated May 2, 1832.

The plaintiff's claim of title is under John Tillson, Jr., through divers *mesne* conveyances, and defendant claims under Warren.

Although the deed to Tillson was the later one, it would pass the title to Tillson if it was recorded before the earlier deed to Warren.  Under our recording laws the deed first filed and first recorded is given the preference.  *Brookfield* v. *Goodrich,* 32 Ill. 363.  Plaintiff's counsel assert in their brief that the Tillson deed was recorded on the 15th day of August,

1832, at Vandalia, and that the deed to Warren was recorded
in Henry county on the 22d day of August, 1856, and that a
certified copy of the same was recorded in Mercer county on the
24th day of September, 1864. Defendant's counsel say that it
does not appear from the record when either deed was recorded.

From an examination of the record we find the statement
of plaintiff's counsel as to the Warren deed to be borne out by
the recorder's certificates of the respective counties named.
As to the deed to Tillson, we find following the copy of the
deed which was introduced in evidence, a certificate of the
recorder of Schuyler county, of the date of November 24, 1875,
that "the foregoing is a full, true and perfect copy of the re-
cord of a deed from Jesse Robinson to John Tillson, Jr., as the
same appears of record in Book 'D,' pages 172, 173, 174, 175
and 176, first of State recorder's office at Vandalia, Ill., and
now in my office remaining."

It is true that the precise time of the recording of the deed
does not appear from this certificate, but it does appear there-
from to have been recorded in the State recorder's office at
Vandalia, and must have been at some time previous to June
1, 1833, as the act abolishing the office of State recorder went
in force on that day.

There is a stipulation in the record that the defendant was
in possession when the suit was commenced, which was April
6, 1866, and it is urged on the part of the defendant that there
is a presumption of prior possession under the Warren deed;
that until rebutted the presumption will prevail that the de-
fendant and his grantors were always in possession under the
title of the defendant, the deed to Warren. We do not so
understand. From the fact of defendant being in possession
in 1866, we know no warrant for presuming that any one
was in actual possession in or prior to the year 1833, and so
before the recording of the Tillson deed. We hold, then, that
the deed from Robinson to Tillson being first recorded, as
appears from the above, passed to Tillson the whole title of
Robinson.

Admittedly, one-fifth of the title was in Robinson, his original share. But it is a question whether he acquired any interest under the deed from the Kennebeck bank purporting to convey two fifth interests to himself, Benjamin Wales and Kilbourn G. Robinson.

The bank deed made on the 1st day of October, 1831, assumed to convey the two-fifths which Warren conveyed to the bank August 2, 1827. The conveyance which Warren made to the bank was clearly a deed of mortgage to secure the payment of $8000 on his stock note to the bank. There is no pretense that the mortgage had ever been foreclosed, or that there was any transfer of the mortgage debt by the bank. The mortgage is deemed a mere incident to the mortgage debt, and the conveyance of the interest of the mortgagee in the land, without an assignment of the debt, is considered in law as a nullity. *Jackson* v. *Curtis*, 19 Johns. 325; *Wilson* v. *Troup*, 2 Cow. 231; *Jackson* v. *Willard*, 4 Johns. 41. We conclude then, that the deed from the bank purporting to convey this two-fifths interest, did not convey anything, and, therefore, that Robinson, by his deed to Tillson, conveyed but one-fifth of the land, his original interest, that being all which he then, at the time of the deed, held.

Various objections are made to intermediate deeds in the chain of title to one-fifth of the land from John Tillson, Jr., down to the plaintiff. The last grantee preceding the plaintiff was Junius Hall. Plaintiff claims under a deed from a commissioner appointed by the circuit court of Fulton county to sell and convey the land, in a proceeding had in that court in 1854, between the alleged heirs of Junius Hall, for the partition of the land. It is objected that there was not independent proof made, in the case at bar, of the death of Junius Hall and of the heirship of the parties in the partition suit.

The record of the proceedings in partition was introduced in evidence. The petition set forth the death of Junius Hall, and the heirship of the parties; the decree found the allegations of the petition to be true and that the parties to the peti-

tion were joint owners in fee simple of the land.   We regard this as *prima facie* evidence of said facts against the defendant, though he was not a party or privy to the partition suit.

Without reviewing in detail the other objections, we think it sufficient to say in general, that, after a careful examination thereof, we do not consider any one of the objections to be well taken.

Finding as we do, the title to one-fifth of the land to be in the plaintiff, the judgment is reversed and the cause remanded.

*Judgment reversed.*