Albert F. Madlener, Exr., etc., v. Henry Ruesch and James B. Hobbs.

1. DEEDS—*When They Take Effect, etc.—Recording.*—An instrument takes effect from the time of filing it for record, as to creditors and subsequent purchasers without notice.

2. NOTICE—*Indorsements on Recorded Instruments—Priority.*—The indorsements upon different trust deeds, made by the recording officer, of the numbers and time of filing the same for record, is to be regarded as indicating the priority of the lien of each.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

ALAN C. MCILVAINE, attorney for appellant.

GEO. E. SWARTZ, attorney for appellees.

GOLDZIER & RODGERS, attorneys for E. G. Halle.

MR. JUSTICE FREEMAN delivered the opinion of the court.

As stated by appellant's counsel in his brief, the sole issue in this case is the status of the lien of trust deeds owned by appellant as against trust deeds owned by appellee Ruesch.

The facts are, that in 1895, the firm of E. S. Dreyer & Company made building loans to one Pauline E. Bode, to the amount of $21,000. These loans were evidenced by three notes of $5,000 each, bearing date September 9, 1895, payable to the order of one Adolph Nissen, a clerk of said Dreyer & Company, with interest at the rate of six per cent per annum; and by three notes of $2,000 each, dated September 10, 1895, bearing interest at the rate of six and one-half per cent per annum.

The notes in question were secured by trust deeds to Edward S. Dreyer, upon three separate lots of land, lots 3, 4 and 5, in block 3, of the subdivision in the trust deed described, each five thousand dollar note by a trust deed upon a separate lot, and each two thousand dollar note by a separate trust deed upon the same lots respectively. Each of said lots, therefore, was covered by two trust deeds, one securing a five thousand dollar, and another securing a two thousand dollar note. The six trust deeds were filed for record in the office of the recorder of Cook county, September 10, 1895, at four o'clock P. M., receiving document numbers, which were in the following order: The trust deed on lots 3, 4 and 5, securing each five thousand dollar note, were numbered respectively 2,275,314–15 and 16, and the trust deeds securing each two thousand dollar note were numbered respectively 2,275,317, 18 and 19.

The money represented by said notes was placed by Dreyer & Company on their books to the credit of the maker of said notes, said Pauline E. Bode, October 2, 1895.

Appelleee Ruesch became the owner of two of the said five thousand dollar notes and filed his bill to foreclose the trust deeds securing the same respectively upon said lots 4 and 5, setting up the existence of the two other trust

deeds upon the same lots, each securing a two thousand dollar note, subject to the lien of the trust deed sought to be foreclosed.

Two of said two thousand dollar notes had become the property of and were owned by John Bloechinger, now deceased, who filed his answer denying that his notes and trust deeds were subject or subsequent to the lien of the said five thousand dollar notes and trust deeds. The findings of the master were in favor of appellee Ruesch, and a decree was entered by the Circuit Court finding that the amounts due said Ruesch are first mortgage liens, and that the amount due appellant are second mortgage liens upon the premises sought to be foreclosed.

The only question to be considered is that of priority of liens. Appellant's counsel contends that said trust deeds were filed for record simultaneously, and that therefore appellant and appellee are entitled to concurrent liens, and should prorate the proceeds of sale. There is no evidence that either appellant or appellee had any notice of each other's trust deeds, except such as was afforded by the record. The statute provides:

" All deeds, mortgages and other instruments of writing shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record." Rec. Stat. Chap. 30, Sec. 30.

Appellant's contention seems to be that the certificate of the recorder, and the original entry book kept by him, show that the trust deeds were all alike filed for record September 10, 1895, at 4 P. M., and were all alike and equally in force from and after that time, notwithstanding the fact that the trust deeds securing the five thousand dollar notes were dated a day earlier, and bore a prior documentary number. Reference is made to Sec. 11, Chap. 115, Rev. Stat., which provides:

" When any instrument in writing is recorded in the

recorder's office, the recorder shall indorse upon such instrument a certificate of the time (including the hour of the day) when the same was filed for record (which shall be considered the time of recording the same) and the book and page in which the same is recorded, which certificate shall be signed by the recorder, and shall be evidence of the facts therein stated."

It is argued that the " time of recording " all the deeds in question is shown by said indorsement by the recorder to have been the same. By section 9 of the same chapter 115, it is provided that " every recorder shall, as soon as practicable after the filing of any instrument in his office entitled to be recorded, record the same at length in the order of time of its reception," etc.

In the present case the deeds appear to have been recorded " in the order of time of their reception " as shown by the document numbers. The deeds held by appellee Ruesch bear the numbers 2,275,315 and 16 respectively; while appellant's are 2,275,318 and 19. While appellee urges that said numbers are not evidence of the time of filing, nevertheless they certainly do indicate a priority of the earlier numbered documents in that respect. Section 12 of said chapter 115, requires the recorder to enter " immediately on the receipt of any instrument," upon an entry book to be kept for the purpose, "the names of the parties thereto, its date, the day of the month, hour and year of filing the same, and a brief description of the premises, indorsing upon such instrument a number corresponding with the number of such entry." Thus the recorder is to enter, immediately upon its receipt, the facts as stated, and indorse a number corresponding with the number of such entry upon the instrument itself. Thus the document number upon the instrument is at least *prima facie* evidence of the order of filing. It is said in Merrick v. Wallace, 19 Ill. 486, on page 495, as quoted by appellant's counsel in his brief, referring to a certificate of the recorder upon a deed, " It is not to be presumed that the officer making this certificate stated an untruth." It can not be presumed, either, that such officer has indorsed upon the documents in question erroneous numbers.

" The deed takes effect from the time of filing it for record." Cook v. Hall, 1 Gilman, 575. While the deeds in question seem to have been filed at the same hour, the document numbers show presumptively that those of appellee Ruesch took actual precedence, though only for a few moments. Appellant had notice—constructive, at least—of this priority, when he purchased his notes and received his trust deeds. There is no attempt to show that said documentary numbers are not correct, or that they do not correspond with the actual facts. See Fischer v. Tuohy, 186 Ill. 143, on page 147.

It is further urged that the trust deeds were not liens until the money thereby secured was actually paid over, and that in this case the money was all paid by Dreyer & Company at once. If it be conceded that the trust deeds in question were taken by both parties in this cause subject only to the equities existing in favor of Bode, the mortgagor, as stated by appellant's counsel, there is *prima facie* evidence tending to show that the notes and trust deeds held by appellee Ruesch were intended to be given priority, in the fact of their priority in date as well as of filing for record. It is not claimed that any money was advanced by Dreyer & Company upon appellant's notes, before it was advanced to the mortgagor upon the notes held by appellee. The money was not paid to the mortgagor by either of the parties to this proceeding. It was loaned and paid by Dreyer & Company from time to time, as required by the borrower. The present holders of the securities bought them of Dreyer & Company, and we regard the date of the notes and the priority of filing as shown by the record, not only as indicating the intended priority of liens, but as notice of such priority to appellant when he acquired his securities. Brookfield v. Goodrich, 32 Ill. 363.

The decree of the Circuit Court must be affirmed.