[No. 5011.]
[No. 2560 C. A.]

## HOULAHAN V. THE FINANCE CONSOLIDATED MINING COMPANY.

**Conveyances—Record—Statutory Construction.**

Section 446 Mills' Ann. Stats., providing that all instruments recorded as therein provided shall take effect after the filing of the same for record as to subsequent bona fide purchasers and incumbrancers, should be construed as referring to purchasers and incumbrancers who subsequently file their conveyances for record, regardless of the date of such instruments, the word "subsequent'" referring to the date of recording and not to the date of the agreement or conveyance. The purchaser or incumbrancer whose conveyance is first filed for record is entitled to preference and takes title regardless of the date of its execution.

*Appeal from the District Court of Teller County:*
*Hon. Louis W. Cunningham, Judge.*

This action was brought by the appellee (plaintiff below) against the appellant (defendant below) to enforce the specific performance by appellant of a certain agreement entered into by the grantors of the respective parties. The case was tried upon the following agreed statement of facts:

"First. That on the 14th day of May, 1894, plaintiff and its grantors were and ever since have been and now are the owners of the Florence Nightingale lode, survey No. 10534, situate in Teller county, Colorado.

"Second. That on said 14th day of May, 1894, the grantors of this plaintiff entered into a contract with the owners of the Blue Bird lode, survey No. 8667, which said claim was in conflict with the said Florence Nightingale lode mining claim, by the terms of which said agreement this plaintiff and its grantors were entitled to a deed, by proper conveyance, conveying all of the ground in conflict between the said Blue Bird lode and the Florence Nightingale lode, upon the issuance of receiver's receipt or patent for the said Blue Bird lode.

"Third. That thereafter and on January 3, 1896, defendant J. A. Houlahan purchased the said Blue Bird lode and secured a deed therefor.

"Fourth. That thereafter and on the 13th day of January, 1896, the above mentioned contract from the owners of the Blue Bird lode to this plaintiff and its grantors was recorded in the office of the clerk and recorder of El Paso (now Teller) county, Colorado.

"Fifth. That thereafter and on the 21st day of February, 1896, the defendant Houlahan filed for record in the office of the clerk and recorder

of El Paso (now Teller) county the deed from the owners of the Blue Bird lode mining claim above mentioned.

"Sixth. That United States patent was issued for said Blue Bird lode October 19, 1897, which said patent was recorded August 29, 1899, in the office of the clerk and recorder of Teller county (formerly El Paso), Colorado.

"Seventh. That at the time of securing of the above mentioned deed the defendant Houlahan had no notice of the former contract secured by this plaintiff.

"Eighth. That the plaintiff and its grantors had no notice of the deed secured by the defendant Houlahan at the time of the recording of the contract above mentioned, to wit: January 13, 1896.

"Ninth. That each of the deeds and contracts herein mentioned were given for a valuable consideration."

The court below found the issues in favor of the plaintiff and ordered and decreed that the defendant execute a deed to the plaintiff for the property in controversy, and for costs. From this judgment the defendant prosecutes this appeal.

Mr. D. J. DAVIES, for appellant.

Mr. HENRY M. BLACKMER and Mr. K. C. SCHUYLER, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court.

The question to be determined involves the construction of section 446, Mills' Ann. Stats., page 593 (Gen. Stats. 1883, 215), which reads as follows: "All deeds, conveyances, agreements in writing of or affecting title to real estate or any interest therein and powers of attorney for the conveyance of any

real estate or any interest therein may be recorded in the office of the recorder of the county wherein such real estate is situate, and from and after the filing thereof for record in such office, and not before, such deeds, bonds and agreements in writing shall take effect as to subsequent *bona fide* purchasers and incumbrancers by mortgage, judgment or otherwise not having notice thereof.''

In other words, does the word ''subsequent'' used in this section refer to the date of recording, or the date of the agreement or conveyance? As said in the case of *Bradbury v. Davis,* 5 Colo. 265, the provisions of our statute relating to the form, force and effect of instruments for the conveyance of real estate were largely transcribed and adopted from the statute of Illinois, and in adopting substantially the statute of that state the legislature is presumed to have intended that such statute shall receive the same construction given it by the courts of that state. The decisions in that state uniformly hold that the word ''subsequent,'' as used in the act, has reference to the recording, and not to the date, of the instrument, and that the true meaning of the statute is that the purchaser whose conveyance is first filed for record is entitled to a preference, and obtains the title, regardless of the date of its execution.—*Doyle v. Teas,* 4 Scam. 202, 252; *Reid v. Kemp,* 16 Ill. 445; *Brookfield v. Goodrich,* 32 Ill. 363; *Delano v. Bennett,* 90 Ill. 533.

In *Doyle v. Teas, supra,* the facts upon which that part of the opinion applicable to the question here involved was predicated were very similar to the facts in the present case. It was there held that an agreement dated on the 23d of May and recorded on the 19th of June was entitled to preference over a deed executed on the 26th of May and recorded on the 26th of June. Mr. Justice Caton, who delivered the opin-

ion of the court, speaking as to the effect of a compliance with the recording act, says: "As the effect of a compliance with the recording act was to operate as constructive notice to all the world, that object is as much accomplished by the recording of an agreement as of a deed. What, then, would have been the effect on Munson's title had Doyle received a deed with date and record the same as the agreement? Beyond all doubt, his deed being prior in date, and first on record, and *bona fide*, must take precedence of one subsequent in date and subsequently placed on record. The word *subsequent*, as used in the recording act, must have reference to the recording, and not to the date of the instrument, and such indeed is its literal and grammatical construction. As between the grantor and grantee, the transaction is complete upon the execution and delivery of the deed; but as between the grantee and third persons, without notice, the purchase may be said not to be complete till the title paper is left for record."

Accepting this construction as the correct import and meaning of the statute, as we are constrained to do, the appellee is entitled to the relief asked, and the judgment of the trial court is accordingly affirmed.                  *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.