HENRY H. BLAKE *et al.* Appellees, *vs.* OSCAR D. BLAKE
*et al.* Appellants.

*Opinion filed October 28, 1913.*

1. EQUITY—*when rule that bill must show that land is vacant
or in complainant's possession does not apply.* Where the primary
object of a bill is to remove a cloud the bill must allege that the
land is vacant or unoccupied or in the complainant's possession;
but such rule does not apply where the primary relief is sought
upon other grounds, such as to set aside a guardian's sale for a
violation of the law and his duty, even though clouds are removed
as incidental to such relief.

2. GUARDIAN AND WARD—*guardian cannot purchase from him-
self or at his sale.* The law will not permit a guardian to put him-
self in a position which creates a conflict between his interest and
his duty, and if he purchases from himself or at his own sale,
directly or indirectly, the sale will be set aside in equity at the suit
of the ward, regardless of the fairness of the sale or the adequacy
of the price.

3. SAME—*purchasers at guardian's sale are protected as against
forged bond.* If a bond complying, on its face, with the terms of
the law is filed by a guardian and approved by the court the court
has jurisdiction to order the sale by the guardian, and persons pur-
chasing in good faith are entitled to protection though it subse-
quently turns out that the bond was forged, if no other ground ex-
ists for setting aside the sale.

4. NOTICE—*when purchasers are charged with notice that the
guardian was real purchaser at his sale.* Where it appears from
the public records in the chain of title to land that the nominal
purchaser at a guardian's sale was the guardian's brother, and that
a few days after the sale the guardian's deed and a deed from the
purchaser to the guardian were filed for record, subsequent pur-
chasers are chargeable with notice that the sale and subsequent
conveyance were mere jugglery to enable the guardian to obtain
his wards' property, and their title is subject to the right of the
wards to elect to set aside the sale.

5. SAME—*a purchaser of land is bound to examine the records.*
It is the duty of a purchaser of land to examine the records of
the court and of the recorder's office, and he is chargeable with
notice of whatever is shown by the records.

6. SAME—*party is charged with notice of all that inquiry would
have revealed.* One having notice of such facts as would put a

person upon inquiry is chargeable with knowledge of other facts which he might have discovered by diligent inquiry.

7. SAME—*every unusual circumstance prescribes an inquiry.* Every unusual circumstance is a ground of suspicion and prescribes inquiry, and whatever is sufficient to put a person upon inquiry which would lead to the truth is in all respects equal to, and must be regarded as, notice.

DUNN, J., dissenting.

APPEAL from the Circuit Court of Gallatin county; the Hon. WILLIAM H. GREEN, Judge, presiding.

WILLIAM T. PACE, M. E. LAMBERT, and D. M. KINSALL, for appellants.

ROEDEL & ROEDEL, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Gallatin county overruled demurrers of the appellants, Oscar D. Blake, Joseph Rendleman, Mildred Rendleman, A. S. Wyatt and the Old People's Home of the St. Louis German Conference of the Methodist Episcopal Church to the amended bill filed against them and Kyle H. Blake by the appellees, Henry H. Blake, Harry C. Blake and Bessie M. Blake, infants, suing by their next friend, by which the appellees asked the court to set aside the sale of their lands by their guardian, Kyle H. Blake, and the guardian's deed, subsequent deeds and a mortgage. The appellants having elected to stand by their demurrers and Kyle H. Blake having been defaulted, a decree was entered in accordance with the prayer of the bill, and the case was brought to this court by appeal.

The facts alleged in the bill and admitted by the demurrers are as follows: Kyle H. Blake, the father of complainants, was appointed their guardian by the county court of Gallatin county on May 16, 1909, and gave a bond in the sum of $500, with sureties who are insolvent. He filed

his petition in the county court for an order to sell the real estate of his wards, the complainants, and on July 6, 1909, presented to the court an alleged bond in the penal sum of $2500, dated June 26, 1909, and purporting to be executed in compliance with the statute requiring an additional bond in case of a sale of real estate. The bond was approved by the court and ordered filed, but the signatures of the sureties and the justice were all forged by the guardian. The court entered a decree for sale of the interests of the complainants in the property and a sale was made on August 7, 1909. The guardian conspired with his brother, the defendant Oscar D. Blake, to acquire title to the property and defraud his wards. In pursuance of the fraudulent arrangement the premises were struck off to Oscar D. Blake for $1750, and the sale was reported on the same day to the county court. The report stated that the entire purchase price was paid in cash and the report was immediately approved, and on the same day of the sale the guardian executed a deed to the supposed purchaser. On the same day Kyle H. Blake, for an alleged consideration of $375, quit-claimed to Oscar D. Blake his interest in the real estate as surviving husband of the complainants' mother, from whom they inherited the land. On August 19, 1909, Oscar D. Blake and wife conveyed the property to Kyle H. Blake for an expressed consideration of $1800, and that deed and the guardian's deed were both recorded at the same time, on August 26, 1909. No money or other consideration passed between the guardian and his brother at either transaction, and the statement in the report that the amount of the bid had been paid was false. On September 29, 1909, Kyle H. Blake executed a mortgage on the land to the defendant A. S. Wyatt to secure his promissory note of the same date for $800, payable five years from October 1, 1909, with seven per cent interest, and on October 29, 1909, that mortgage was assigned to the Old People's Home of the St. Louis German Conference of the

Methodist Episcopal Church, a corporation. On August 31, 1911, Kyle H. Blake conveyed the property to the defendant Joseph Rendleman for a consideration of $900, and on the same day Rendleman and his wife executed their bond for a deed, conditioned that if Kyle H. Blake should pay his promissory note of the same date for $900, due twelve months after date, with seven per cent interest, and all taxes on the land, then Rendleman would execute to him a deed, but in default of payment of the note and interest at maturity the bond was to become void. On September 6, 1911, Joseph Rendleman conveyed the real estate to his wife, the defendant Mildred Rendleman, and on December 4, 1911, Kyle H. Blake made a deed of the property to his brother, Oscar D. Blake, for the consideration of $3500, subject to the mortgage made to Wyatt and the note of $900 mentioned in the bond. Kyle H. Blake received the rents for 1910 and Oscar D. Blake the rents for 1911, and the property was sold for taxes in that year and was unredeemed when the bill was filed. Kyle H. Blake left the State for parts unknown, leaving no property in the State or elsewhere, so far as known to complainants.

One point made by the demurrers was, that the bill did not show that the land was vacant and unoccupied or was in the possession of the complainants. The rule that a bill to remove a cloud must show one or the other of such facts only applies where that is the sole object of the bill and does not apply where the primary relief is sought upon other grounds, although clouds are removed from the title as incident to the relief granted. (*Clay* v. *Hammond*, 199 Ill. 370; *Ward* v. *Clendenning*, 245 id. 206.) The bill in this case was filed to set aside the guardian's sale for a violation of the law and his duty, and that being the primary purpose the objection taken by the demurrers was not good.

Trustees and others sustaining a fiduciary relation can not deal on their own account with the subject matter of their trust, and this rule applies to guardians. The law will

not permit a guardian to place himself in a position which creates a conflict between his interest and duty, and, necessarily, what he cannot do directly he cannot do indirectly. A guardian, therefore, cannot purchase from himself or at his own sale; and this is so regardless of the fairness of the sale or the adequacy of the price, but every such purchase will be set aside at the election of the ward. *Thorp* v. *McCullum*, 1 Gilm. 614; *Lagger* v. *Mutual Union Loan and Building Association of Chicago*, 146 Ill. 283; *Hannah* v. *People*, 198 id. 77; *Brinkerhoff* v. *Brinkerhoff*, 226 id. 550; 39 Cyc. 366.

Section 28 of chapter 64 of the Revised Statutes of 1874, as amended by act in force July 1, 1877, (Laws of 1877, p. 114,) which was in force at the time of the proceedings, provided that the county court should make no order for a sale by a guardian until he should have executed and filed a bond as therein provided. The bond filed by Kyle H. Blake was forged but was approved by the court. The statute forbade the entry of the decree until a bond had been filed, and therefore the filing of a bond was a jurisdictional prerequisite to judicial action by the court. But it appeared from the face of the record that the statute had been complied with. Anyone deriving title through a sale by a guardian, who cannot sell land without a decree of a court, must ascertain that there was a decree by a court having jurisdiction but is not required to look beyond the question of jurisdiction. He will be protected if the facts necessary to give the court jurisdiction appear on the face of the record. (*Fitzgibbon* v. *Lake*, 29 Ill. 165; *Mulford* v. *Stalzenback*, 46 id. 303; *Conover* v. *Musgrave*, 68 id. 58; *Mulford* v. *Beveridge*, 78 id. 455.) Everything appeared fair on the face of the record, and the fact that the bond was forged did not affect those subsequently dealing with the property.

Those who dealt with the property, except Oscar D. Blake, who was an active participant in the fraud, are en-

titled to protection as against the forged bond, but that is not all which affects their titles. They are chargeable with knowledge of the law and of those things appearing of record in the chain of title. It is the duty of a purchaser of land to examine the record, and he is chargeable with notice of whatever is shown by the record. (*Brookfield* v. *Goodrich*, 32 Ill. 363; *Buchanan* v. *International Bank*, 78 id. 500; *Silsbe* v. *Lucas*, 36 id. 462.) It was the duty of any party dealing with this land to take notice of the record of the court and of the recorder's office. The record was before them and it was their duty to examine it, and they are charged with knowledge that the sale was made to Oscar D. Blake and the property conveyed by him to the guardian within a few days and the two instruments filed for record at the same time. Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led and every unusual circumstance is a ground of suspicion and prescribes inquiry. Whatever is sufficient to put a party upon inquiry which would lead to the truth is in all respects equal to and must be regarded as notice. (*Chicago, Rock Island and Pacific Railway Co.* v. *Kennedy*, 70 Ill. 350; *Russell* v. *Ranson*, 76 id. 167.) One having notice of such facts as would put a prudent man on inquiry is chargeable with the knowledge of other facts which he might have discovered by diligent inquiry. (*Morrison* v. *Kelly*, 22 Ill. 609; *White* v. *Kibby*, 42 id. 510; *Ogden* v. *Haven*, 24 id. 57; *Henneberry* v. *Morse*, 56 id. 394; *Harper* v. *Ely*, id. 179; *Slattery* v. *Rafferty*, 93 id. 277; *Parker* v. *Merritt*, 105 id. 293; *Citizens' Nat. Bank* v. *Dayton*, 116 id. 257; *Harris* v. *McIntyre*, 118 id. 275; *Chicago and Eastern Illinois Railroad Co.* v. *Wright*, 153 id. 307.) The necessary inference to any person with ordinary intelligence would be that the sale to the brother and subsequent conveyance to the guardian were mere jugglery, by

which the guardian intended to obtain, and did obtain, the property of his wards. The purchaser of property with notice that a guardian has wrongfully acquired it from himself as a trustee, while going through the form of a proceeding to sell the property, takes it subject to the same equities as when it was in the guardian's hands, and in this case the record was sufficient notice of the wrongdoing of the guardian. The sale was voidable at the election of the complainants.

The decree is affirmed.      *Decree affirmed.*

Mr. JUSTICE DUNN, dissenting.