[No. 15119. Department Two.—June 27, 1894.]

## JOSEPH C. MOWRY, RESPONDENT, *v.* GEORGE B. MOWRY ET AL., APPELLANTS.

DEED—SALE UNDER POWER—RECITAL OF CONSIDERATION—PRIMA FACIE EVIDENCE.—The production of a power of attorney authorizing the sale and conveyance of property, and a deed executed by the attorney purporting to be a grant, bargain, and sale deed, reciting a consideration, makes a *prima facie* case sufficient to support a verdict in favor of the grantee, against the heirs of the grantor, in the absence of evidence to overcome it.

ID.—PURCHASE BY ATTORNEY IN FACT—GIFT TO GRANTEE—FINDING OF SALE—DELIVERY OF DEED BY GRANTOR—RATIFICATION. — Evidence showing that the purchase was made by the attorney in fact from the grantor, and that the deed was made to the grantee, the son of the attorney in fact, as a gift from his father, the father having paid the purchase money by the extinction of indebtedness from the grantor to himself, and that the grantor personally delivered a deed executed by the attorney in fact to the grantee, is sufficient to justify a jury in finding that there was a sale to the grantee for a consideration; and the act of the attorney in fact, in executing the deed, was ratified by the principal, by his personal delivery of the deed.

Id.—EVIDENCE—CANCELED NOTES—PAYMENT.—The notes from the grantor to the attorney in fact, with indorsements thereon, showing a payment, coinciding with the date of the deed, are admissible in evidence in connection with testimony that the grantor owed the attorney in fact money on notes, and that the deeds were in payment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. Percy Wright,* for Appellants.

A power of attorney to sell real estate does not authorize a gift of the property. (*Dupont* v. *Wertheman,* 10 Cal. 368; *Mott* v. *Smith,* 16 Cal. 534; *Randall* v. *Duff,* 79 Cal. 124; Story on Agency, sec. 165.) An agent employed to sell cannot become a purchaser, nor be both agent and principal in the same transaction. (*Michoud* v. *Girod,* 4 How. 503; *Davis* v. *Rock Creek Co.,* 55 Cal. 359; 2 Perry on Trusts, 2d ed., sec. 602.) The execution of a deed by an attorney in fact without previous express authority can only be ratified in writing by the principal. (Civ. Code, sec. 2310.)

*Frank Otis,* and *W. C. Belcher,* for Respondent.

The COURT.—The defendants are in possession of a certain lot in San Francisco, and the plaintiff brought this action to quiet his title thereto, and for a writ of possession. Both parties claim under Sylvester Mowry, deceased, the plaintiff under a deed executed by Sylvester by his attorney in fact, Origin Mowry, and the defendants, George B. and Ellen M. Mowry, as the only children and heirs at law of Sylvester, of whose estate George B. is administrator. The other defendants are tenants under the administrator. Origin and Sylvester Mowry were brothers, and Origin is also dead. The power of attorney under which Origin executed the deed was made in 1873, and the conveyance thereunder to the

plaintiff was dated July 21, 1877, and is claimed to have been delivered in August of that year.

Several questions of fact were litigated, the principal of which were the mental capacity of Sylvester, the delivery of the deed, and whether there was any consideration therefor. The case was tried before a jury, and resulted in a general verdict for the plaintiff, and this appeal is from the judgment entered thereon, and from an order denying a new trial.

The only exceptions to the sufficiency of the evidence relate to the conveyance to plaintiff, and not to the mental capacity of Sylvester Mowry.

It is contended by appellants that plaintiff gave no consideration for the conveyance, and that there was no sale to him. The facts shown by the evidence touching this transaction were that Sylvester owned the lot here in question, and also a forty-acre tract near Niles, in Alameda county. The plaintiff, at the time of the conveyance, was about nineteen years of age, recently out of school, and was then working on his father's place.

As between plaintiff, the grantee in the deed, and Sylvester Mowry, the grantor, it is clear there was no consideration, nor was there any agreement of sale between them; and, as between the plaintiff and his father, who was the attorney in fact of Sylvester, it was a gift. It is not contended by respondent that an attorney in fact can, unless expressly empowered so to do, make a gift of his principal's property. The power here was to sell and convey. It is contended, however, that a consideration was paid by Origin to Sylvester, and that such consideration is sufficient to support the conveyance to the son. If there was a sale by Sylvester to Origin, it is insisted by appellant that Origin's relation to the transaction was such that he could not make a conveyance to himself, and, as the son paid no consideration and was in no way connected with the alleged sale, which, if made at all, was made to Origin, that Origin could not make a valid conveyance.

The plaintiff introduced in evidence the power of

attorney and the deed to the plaintiff, the latter being a grant, bargain, and sale deed, reciting a consideration. This made a *prima facie* case, and is sufficient to support the verdict in the absence of evidence sufficient to overcome it.   For the purpose of sustaining the deed against the attack of defendants, evidence was introduced tending to show that Origin held two promissory notes made by Sylvester, one for five hundred dollars and the other for four thousand dollars, and that Sylvester was indebted to Origin for other moneys; and these notes were produced upon the trial bearing an indorsement "paid, July 21, 1877," that being the date of the deed; that Sylvester at or about the time of the transaction admitted his said indebtedness, and said he had, or would, convey the property to Origin in payment of his debt, and, as to the delivery of the deeds, the evidence tends to show that after the deeds were signed and acknowledged they came to the hands of Sylvester, who examined them, and himself delivered the deed of the forty acres to plaintiff's brother, and left the deed for plaintiff, who was absent, with Origin to be delivered, and a few days thereafter asked plaintiff if he had received his deed.   Whilst the course here pursued is not to be commended, we think the evidence sufficient to justify the jury in finding that there was a sale by Sylvester for a good consideration, and that the deed was in fact delivered by Sylvester to the plaintiff.   The case of *Videau* v. *Griffin*, 21 Cal. 390, cited by appellant, is not in point.   There, there was no authority in writing given to the person who executed the deed as attorney in fact.   The acknowledgment by the grantor did not cure the defect.

If in this case there was no sale by Sylvester, the transaction was outside and beyond the power, and in such case *Videau* v. *Griffin*, 21 Cal. 390, would apply; but as there was evidence from which the jury might find a sale for a valuable consideration, the transaction was within the power, the only objection being that the agent who made the purchase and paid the considera-

tion himself executed the deed; but this we think was ratified by the principal by his personal delivery of it.

The court did not err in receiving said promissory notes in evidence. It is true the indorsements thereon that they were paid did not of themselves show that they were in any way connected with the conveyance of the land, but the plaintiff testified that Sylvester told him that he owed Origin "some money on notes, and that these deeds were in payment." This evidence, and the indorsement of payment coinciding with the date of the deed, sufficiently tended to show their connection with the transaction to justify their admission in evidence.

The views we have expressed are in harmony with the instructions given to the jury, to which appellants excepted, so far as they relate to the conveyance of the premises to the plaintiff, and the instructions requested by appellant which were refused, being inconsistent therewith, were properly refused.

Whether the court erred in striking out the testimony of Laura A. Mowry is immaterial, as that was directed to the mental incapacity of Sylvester Mowry, and no question is made here as to the fact of his capacity to make the conveyance.

We have examined all the questions presented by appellant, but find no error which would justify a reversal.

The judgment and order appealed from are affirmed.

Hearing in Bank denied.