FIRST NATIONAL BANK OF MADISON, APPELLANT, V. CHARLES W SPROUT, APPELLEE.

FILED JANUARY 5, 1907. No. 14,629.

Notes: ACTION: EVIDENCE. The transferee of a negotiable promissory note who has purchased the same in the usual course of trade for value may maintain an action at law against the maker without proof of indorsement.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Reversed.*

*Allen & Reed* and *W. V. Allen,* for appellant.

*M. B. Foster, contra.*

JACKSON, C.

Plaintiff sued the defendant to recover on a promissory note. The petition sets out the execution and delivery by the defendant of a note payable to the order of the Eureka Seed Meal Company, and alleges that "Thereafter, and before maturity, the plaintiff for value, in due course of trade, purchased said promissory note of the said Eureka Seed Meal Company, who then and there indorsed the same, as follows: 'Eureka Seed Meal Company, by A. L. Glover, Manager'; that the plaintiff is now the owner and holder of said promissory note, and that the same is due and unpaid." The answer is a general denial. At the trial the plaintiff produced the note, had it identified as an exhibit, and proved that it purchased the same and paid a valuable consideration therefor. It also produced evidence tending to show that the signature to the note was the genuine signature of the defendant. The note was offered and received in evidence, and at the close of the plaintiff's case the trial court, on the motion of the defendant, directed a verdict for the defendant. The plaintiff appeals.

It appears from the discussion of counsel that the reason which prompted the trial court to direct a verdict for the defendant was that the offer of the note in evidence did not include the indorsement of the payee, and because of the failure to prove the indorsement the plaintiff was not entitled to recover. Proof of the indorsement, however, under the allegations of the petition and the evidence of ownership, was not indispensable to the plaintiff's case. In *Michigan Mutual Life Ins. Co. v. Klatt,* 2 Neb. (Unof.), 870, it was held that possession of a promissory note is *prima facie* evidence of its ownership. That action was one in equity for the foreclosure of a real estate mortgage, and the holding was in accord with the equi-

table rule; but it does not follow that under the same statement of facts an action at law could not be maintained against the maker of the note. A parol transfer by the payee without indorsement of a check payable to order, accompanied by manual delivery, is valid. *Freund v. Importers & Traders Nat. Bank,* 76 N. Y. 352 A transferee of negotiable paper, without indorsement may recover thereon by proving consideration. *Farris v Wells,* 68 Ga. 604. In *Tullis v. Fridley,* 9 Minn. 68, it was held that, where a promissory note payable to the husband is transferred by him directly to his wife without indorse ment, the title thereto vests in her so far as the maker is concerned, although she paid no valuable consideration for such transfer. A person who has acquired the ownership and possession of a promissory note may bring suit thereon in his own name as the real party in interest, though no indorsement of the note has been made to him by the payee. *Pearson v. Cummings,* 28 Ia. 344. It will be observed from the allegations of the petition that the plaintiff does not claim title to the note in suit by indorsement alone, but alleges specifically that "the plaintiff for value in due course of trade, purchased said note." This alle gation of the petition, as we have already shown, is supported by proof of the details of the transaction. Under our code the plaintiff, as the real party in interest, is the only one entitled to maintain the action.

The evidence was sufficient to justify the submission of the case to the jury, and it is recommended that the judg- ment of the district court be reversed and the cause remanded for further proceedings according to law.

ALBERT, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.