[No. 7134.]

KELSEY V. NORRIS.

1.  QUIT CLAIM DEED—*Record*—Under the statute (Rev. Stat. sec. 694) a junior deed first recorded, to one who purchases in good faith, is preferred to a prior deed not recorded. One who takes by quit claim deed is within the rule.

2.  EVIDENCE—*Burden of Proof*—Whoever assails the title, alleging notice of the elder deed, has the burden of proof.

3.  ——*Recitations of Deed*—A conveyance of land reciting a consideration paid is *prima facie* evidence of the matter so recited.

*Error to Phillips District Court.*—Hon. H. P. BURKE, Judge.

Mr. JOHN S. BENNETT and Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Harrison Norris, plaintiff in possession, brought suit, praying to have his title to the northwest quarter of section 5, township 6 north, range 43 west, in Phillips county, quieted, against the defendant, W. D. Kelsey. He alleges ownership in fee, and that defendant, without lawful right, claims an adverse title thereto. The defendant answered, denying all allegations of the complaint, except as to his claim of an adverse interest in the land, and sets out that he is the unqualified owner thereof; holding title by mesne conveyances from the United States, and likewise prayed that his title be quieted. There was no further plea. The facts are undisputed. The common source of title is John W. Owen, patentee from the United States. On August 13th, 1903, by warranty deed, Owen conveyed the premises to the plaintiff. In that deed Charity D., wife of John, joined. This deed was recorded January 2nd, 1906. On December 16th, 1905, Owen, by quit-claim deed, conveyed the same property, for a recited consideration of $100 to Kelsey. This deed was recorded December 19th, 1905. Norris was in possession of the land at the time of the commencement of the suit, but not at the time the defendant bought the land and recorded his deed; it was then vacant and unoccupied. Upon the issue of ownership thus tendered, and the facts as above set forth, the court found for plaintiff, and entered a judgment and decree quieting title in him, to recover which the defendant brings the case here on error.

The question is, did the subsequently executed quit-claim deed of Owen to Kelsey, by virtue of its prior recordation, have the effect of conveying to him the title to the land by force of the registry act, and thereby render inoperative the prior, but subsequently recorded, warranty deed made by the same grantor to Norris?

By section 694, Revised Statutes 1908, it is provided:

"All deeds, conveyances, agreements in writing of, or affecting title to real estate or any interest therein, and powers of attorney for the conveyance of any real estate or any interest therein, may be recorded in the office of the recorder of the county wherein such real estate is situate, and from and after the filing thereof for record in such office and not before, such deeds, bonds and agreements in writing shall take effect as to subsequent *bona fide* purchasers and encumbrancers by mortgage, judgment or otherwise not having notice thereof."

In *Bradbury et al. v. Davis,* 5 Colo. 265, it was held:

"A junior deed, if first recorded, has priority over a deed of older date subsequently recorded, unless the grantee in the later conveyance had notice of the prior unrecorded deed. * * * A quit-claim deed is as effectual to pass the title to real estate as any other, and the purchaser accepting such deed, without notice of prior rights, will be as fully protected as if his deed contained full covenants of warranty."

This proposition is reaffirmed in *Houlahan v. The Finance Cons. Mining Co.,* 34 Colo. 365; *Delta L. & C. Co. v. Talcott,* 17 Colo. App. 316; and *Hallett v. Alexander,* 50 Colo. 37. These decisions establish, beyond controversy, the fact that a purchaser for value, taking title by quit-claim deed, is as much within the protection of the recording acts, as a purchaser taking title through warranty deed.

If the plaintiff wished to rely upon the fact, as a defense, that the defendant had notice of his prior unrecorded deed, it was incumbent upon him to establish it. This is equally true of any other fact or facts, which, if disclosed, would vitiate the quit-claim deed. The subsequent purchaser recorded his deed first. He found a clear and perfect title of record in his grantor, and had a right, the land being vacant, to rely upon such record. His deed recited a valuable consideration, and contained all the other essentials of a valid conveyance. The deed was *prima facie* evidence of its recited facts. It is upon the one claiming under the unrecorded deed to show matters,

if such there are, which avoid and overcome the effect of the previously recorded deed. To hold otherwise would nullify the recording statute. To adjudge the unrecorded warranty deed paramount to the recorded quit-claim, where, as here, upon the question of the *bona fides* without notice of the purchaser under the latter deed, the record is silent, would be to say that the statute, which declares an unrecorded deed shall have no effect as to subsequent *bona fide* purchasers without notice, is a vain and empty thing, because an instrument which the statute renders of no effect would thus become a live and effective conveyance, against one conclusively presumed to be such a purchaser, in the absence of a contrary showing.

In addition to the authorities cited from this court to support the conclusion here reached, we also direct attention to the following from other states.—*Rider v. Bush,* 102 Ill. 338; *Anthony v. Wheeler,* 130 Ill. 128; *Lowden v. Wilson,* 233 Ill. 340, 346; *Delano v. Bennett,* 90 Ill. 533; *Runyon v. Smith,* 18 Fed. 579, 581; *Strong v. Whybark,* 204 Mo. 341; *Babcock v. Wells,* 25 R. I. 23; *Wood v. Chapin,* 13 N. Y. 509; *Fallass v. Pierce,* 30 Wis. 443; *Mullins v. Butte Hdw. Co.,* 25 Mont. 525; *Bannard v. Duncan,* 79 Neb. 189; and *Mowry v. Mowry,* 103 Cal. 314.

The judgment is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Judgment Reversed and cause Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.