RODDY v. RODDY.

1. DEEDS—ESTATE CONVEYED BY QUITCLAIM DEED.
   A quitclaim deed transfers any interest the grantor may have in the lands, whatever its nature.

2. DIVORCE—PROPERTY SETTLEMENT—MODIFICATION OF DECREE—FRAUD.
   A trial judge may not modify a decree of divorce with respect to a property settlement, except on the ground of fraud.

3. INJUNCTION—DIVORCE—MODIFICATION OF DECREE—PROPERTY SETTLEMENT—QUITCLAIM DEED.
   Order continuing injunction against defendant husband in divorce proceedings from eviction of plaintiff wife who had given him a quitclaim deed of premises after decree of divorce had been granted, and which order had the effect of modifying the decree of divorce as to the property-settlement provision, is reversed as in excess of the authority of the trial court, where no request had been made to set aside the quitclaim deed.

Appeal from Oakland; Doty (Frank L.) J. Submitted January 7, 1955. (Docket No. 57, Calendar No. 46,389.) Decided March 9, 1955.

Margaret J. Roddy was granted decree of divorce from David Roddy and subsequently, after executing quitclaim deed to him, petitioned court to enjoin her eviction from property. Injunction granted. Defendant appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds §§ 219, 330–332.
[1] Rights of interests covered by quitclaim deed. 44 ALR 1266; 162 ALR 556.
[2] 17 Am Jur, Divorce and Separation § 431.
[3] See, generally, 17 Am Jur, Divorce and Separation § 431.

*Beer, Osgood, Rowston & Currah* (*Philip E. Rowston,* of counsel), for defendant.

SHARPE, J. This is an appeal from an order continuing an injunction granted in a divorce matter. The record shows that plaintiff, Margaret J. Roddy, was granted a decree of divorce from defendant, David Roddy, on February 9, 1951. The decree provided for maintenance of the 2 minor children of the parties of which plaintiff was given custody. The decree also provided:

"The plaintiff shall have the use of said property as a home for herself and said minor children to the exclusion of the defendant. Should said plaintiff abandon said premises to live elsewhere, or should the plaintiff re-marry, or upon the younger child's reaching the age of 18 years, whichever event occurs first, then said property shall be promptly sold and the net proceeds shall be equally divided between the parties."

It also appears that after the marriage of the parties, they purchased a home for the sum of $5,250. At the time of the decree of divorce there was a mortgage balance due on the property in the sum of $2,600.

On January 25, 1954, defendant, David Roddy, filed a petition in the circuit court of Oakland county for custody of the 2 children. Plaintiff filed an answer opposing the petition, and on June 29, 1954, the trial court entered an order amending the divorce decree by providing that defendant have custody of David Richard Roddy, the oldest son of the parties, and reducing the weekly payments that defendant was to pay as shown in the original decree.

On June 29, 1953, plaintiff, Margaret J. Roddy, executed a quitclaim deed to the real estate involved in this cause to David Roddy, her former husband.

Shortly after the divorce decree was amended as to custody of David Richard Roddy, defendant instituted summary proceedings before a circuit court commissioner to evict plaintiff from the premises, but before this case came on for a hearing, defendant was served with a temporary injunction and order to show cause issued upon the petition of plaintiff. In her petition for a temporary injunction and order to show cause plaintiff alleges:

"That plaintiff subsequently became financially unable to make said mortgage payments and entered into an arrangement with the defendant, without the advice of counsel, whereby the defendant would take over the payment of mortgage payments and receive credit for same against the support account in connection with the minor children of the parties; that said defendant agreed to this arrangement only upon the condition that plaintiff convey to him her interest in said property; that plaintiff did convey her interest to the defendant by quitclaim deed."

Defendant filed an answer to plaintiff's petition for a temporary injunction and order to show cause, in which he alleges:

"By way of further defense, this respondent alleges that petitioner, since the filing of the decree of divorce in this matter, for good and valuable consideration, has conveyed all her estate, whatever its nature, to this respondent; that under CL 1948, § 565.3 (Stat Ann § 26.522) and case law of this State a quitclaim deed, in absence of fraud, coercion, undue influence, or want of consideration passes all the estate which the grantor could lawfully convey by a deed of bargain and sale."

On September 14, 1954, the trial court entered an order continuing the injunction:

"Now therefore, on motion of Stanton G. Dondero, attorney for petitioner, it is hereby ordered that the

writ of injunction heretofore issued in these proceedings on the 6th day of July, 1954, restraining and enjoining the above named David Roddy, his counselors, attorneys and agents, from proceeding with presently pending eviction proceedings against the above named Margaret J. Roddy in connection with property known as 1420 Harvard road, Berkley, Michigan, and from doing anything to dispossess the said Margaret J. Roddy from said property, continue in full force and effect until the 15th day of June, 1956, on which date said writ of injunction shall be automatically dissolved, and the said Margaret J. Roddy shall vacate said premises and deliver possession of same to the defendant."

Defendant appeals and urges that plaintiff was not entitled to injunctive relief to maintain possession of the property after she gave defendant a quitclaim deed of all her right, title and interest in the property. The record shows that the original divorce decree was entered February 9, 1951, and provided for maintenance for the 2 children and a property settlement of the equity in the real estate owned by the parties.

It is settled law in this State that a quitclaim deed transfers any interest the grantor may have in the lands, whatever its nature. See *Kitchell* v. *Mudgett,* 37 Mich 81; *Bird* v. *Stimson,* 197 Mich 582; *Doelle* v. *Read,* 329 Mich 655. It is also the settled law of this State that a trial judge may not modify a decree with respect to a property settlement, except on the ground of fraud. See *Reynolds* v. *Reynolds,* 115 Mich 378; *Kutchai* v. *Kutchai,* 233 Mich 569; *Belting* v. *Wayne Circuit Judge,* 245 Mich 111; *Winter* v. *Winter,* 270 Mich 707; *Ratcliffe* v. *Ratcliffe,* 308 Mich 488; *Lytle* v. *Lytle,* 319 Mich 47.

In the case at bar no request was made to set aside the quitclaim deed. It follows that the order which had the effect of modifying the divorce decree as to

the property settlement was in excess of the authority of the trial court. Such order is reversed and an order will be entered in the circuit court of Oakland county to that effect.

CARR, C. J., and BUTZEL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.