FRANK E. SMITH ET AL., APPELLEES, v. MAE BERBERICH ET AL., APPELLEES, IMPLEADED WITH DEFOREST R. SMITH ET AL., APPELLANTS.

95 N. W. 2d 325

Filed March 6, 1959. No. 34565.

*Neighbors & Danielson,* for appellants.

*Robert J. Bulger,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The ownership of the northwest quarter of Section 10, Township 19 North, Range 52 West of the 6th P. M., in Morrill County, hereafter generally referred to as the land, is the controversy in this litigation. Frank E. Smith, Earl W. Smith, Raymond T. Smith, Verna M. Smith, Henry D. Smith, Harvey L. Smith, and Harold F. Smith, appellees, asserted ownership of the fee of the land subject to an oil and gas lease made by them as lessors. DeForest R. Smith and Fredwin W. Smith, appellants, claimed to own an undivided one-fourth interest in the land. The action was to quiet title to the land in appellees and they prevailed in the trial court. The only parties interested in the matter at issue in this appeal are the appellees and appellants above named. There is no issue of fact in this case. The trial was had on stipulations.

A patent to the land was on September 14, 1911, issued in which the heirs of Lewis E. Smith were named as patentees. The heirs of Lewis E. Smith were ten brothers and sisters. Francis L. Smith, one of the heirs of Lewis E. Smith, executed and delivered a quitclaim deed to the land to Lizzie M. Smith, his wife. She died intestate December 29, 1935, and her estate was administered in the county court of Morrill County in which proceedings a decree of heirship was rendered and entered on May 4, 1946. It found that appellees were the heirs at law of Lizzie M. Smith and assigned the entire tract of land to them. The patent, the quitclaim deed, and the decree of heirship constitute the entire chain of title to the land as it is evidenced and exhibited by the public records of Morrill County. Fred W. Smith, one of the heirs of Lewis E. Smith, died in-

testate in 1935. He left as his heirs at law two sons, the appellants.

Appellees are and have been during the pendency of this action, that is, since May 20, 1958, in the possession of the land. An affidavit to that effect was on June 6, 1958, executed by Frank E. Smith and it was filed the same day in the office of the county clerk and ex officio register of deeds for Morrill County.

Appellees and appellants have legal capacity to own real estate in Nebraska. An undivided one-eighth interest each in the land has descended to appellants and is owned by them if this devolution of title has not been intercepted by the Marketable Title Act.

The trial court found that appellees, successors in interest of a grantee of the land by quitclaim deed from a tenant in common, which had been recorded more than 22 years, who have the capacity to own real estate in Nebraska and who are in the possession thereof, with nothing appearing of record which purports to divest them or their predecessors of such purported interest therein, have the entire title to the land to the exclusion of appellants who are the successors in interest of another tenant in common, by reason of the Marketable Title Act. A judgment was rendered in harmony with the findings which quieted title to the land in appellees as against the claims of appellants.

The problem presented by this case is the significance, because of the Marketable Title Act, of a quitclaim deed from a tenant in common to the predecessor in interest of appellees who are in possession of the land in controversy, which deed has been recorded more than 22 years, as against the claim of appellants, the successors in interest of another tenant in common.

Section 76-288, R. R. S. 1943, a part of the Marketable Title Act, contains this: "Any person having the legal capacity to own real estate in this state, who has an unbroken chain of title to any interest in real estate by himself and his immediate or remote grantors under

a deed of conveyance which has been recorded for a period of twenty-two years or longer, and is in possession of such real estate, shall be deemed to have a marketable record title to such interest * * *."

Section 76-289, R. R. S. 1943, a part of that act, reads as follows: "A person shall be deemed to have the unbroken chain of title to an interest in real estate as such terms are used in this act when the official public records of the county wherein such land is situated disclose a conveyance or other title transaction dated and recorded twenty-two years or more prior thereto, which conveyance or other title transaction purports to create such interest in such person or his immediate or remote grantors, with nothing appearing of record purporting to divest such person and his immediate or remote grantors of such purported interest. 'Title transaction' as used in this act, means any transaction affecting title to real estate, including title by will or descent from any person who held title of record at the date of his death, title by a decree or order of any court, title by tax deed or by trustee's, referee's, guardian's, executor's, master's in chancery, or sheriff's deed, as well as by direct conveyance."

The conveyance upon which appellees rely to invoke the aid of the Marketable Title Act is an ordinary quitclaim deed. It contains no covenant, warranty, or recital showing an intention not to limit the interest affected by the conveyance to that which the grantor then had. The conveyance is entirely void of any express terms or any implication that it was intended to convey any specific interest or estate in the land. The terms of the conveyance are characteristically those of a quitclaim deed of the present interest which the grantor had in the land described and none other. The terms of the granting clause of the deed are these: "* * * That the said party of the first part * * * by these presents do grant, convey, remise, release, and forever quit-claim unto the said party of the second part, and

to her heirs and assigns forever, all his right, title, interest, estate, claim and demand, both at law and in equity, of, in and to the following described real estate * * *." This court has consistently adhered to the doctrine that the distinguishing characteristic of a quitclaim deed is that it is a conveyance of any interest or title of the grantor in and to the land described rather than of the land itself.

Pleasants v. Blodgett, 39 Neb. 741, 58 N. W. 423, 42 Am. S. R. 624, states: "One who purchases real estate and takes a quitclaim deed therefor, takes only the interest his grantor has in the property at the time of such conveyance." See, also, Hagensick v. Castor, 53 Neb. 495, 73 N. W. 932; Arlington Mill & Elevator Co. v. Yates, 57 Neb. 286, 77 N. W. 677; Bannard v. Duncan, 79 Neb. 189, 112 N. W. 353, 126 Am. S. R. 661; Byron Reed Co. v. Klabunde, 76 Neb. 801, 108 N. W. 133.

This estimation of such a deed inheres in the competency of the grantor to obtain, retain, and enjoy an after-acquired title to or an estate in the real estate to the prejudice and disadvantage of the grantee in a quitclaim deed. In Hagensick v. Castor, *supra,* the court said: "The general rule is that an ordinary quitclaim deed vests only in the grantee such title or estate as the grantor was at the time of the execution and delivery of the deed possessed of; and if a grantor in such a deed subsequently acquires the title to the real estate thereby conveyed, that title does not inure to the grantee in the quitclaim deed." The opinion in that case quotes from Van Rensselaer v. Kearney, 52 U. S. 297, 13 L. Ed. 703, as follows: " 'A deed of this character (quitclaim deed) purports to convey, and is understood to convey, nothing more than the interest or estate of which the grantor is seized or possessed at the time, and does not operate to pass or bind an interest not then in existence. The bargain between the parties proceeds upon this view, and the consideration is regulated in conformity with it. If otherwise, and the vendee has con-

tracted for a particular estate, or for an estate in fee, he must take the precaution to secure himself by the proper covenants of title. But this principle is applicable to a deed of bargain and sale by release or quitclaim, in the strict and proper sense of that species of conveyance; * * *.' " See, also, § 76-209, R. R. S. 1943; Troxell v. Stevens, 57 Neb. 329, 77 N. W. 781.

There is unanimity in the decisions that an ordinary quitclaim deed does not purport to convey the real estate but only any present interest of the grantor therein and that there is no implication from such a deed that the grantor had or conveyed entire title to the real estate.

In Greek Catholic Congregation v. Plummer, 338 Pa. 373, 12 A. 2d 435, 127 A. L. R. 1008, the court said: "Quit-claim deeds, long known to the law, are used when a party wishes to sell or otherwise convey an interest he may think he has in land but does not wish to warrant his title. It does not purport to convey anything more than the interest of the grantor at the time of its execution."

Frandson v. Casey (N. D.), 73 N. W. 2d 436, states: "A quitclaim deed is one which purports to convey, and is understood to convey, nothing more than the interest or estate in the property described of which the grantor is seized or possessed, if any, at the time, rather than the property itself. * * * A quitclaim deed does not purport to convey the property, but only the grantor's right, title and interest therein."

Bremhorst v. Phillips Coal Co., 202 Iowa 1251, 211 N. W. 898, states: "A quitclaim deed merely conveys whatever title the grantor may have, and any implication that he has a good title or any title whatsoever is excluded."

Nix v. Tooele County, 101 Utah 84, 118 P. 2d 376, says: "Quitclaim deeds do not imply the conveyance of any particular interest in property and grantees acquire only the interest of their grantors."

Waterman v Tidewater Associated Oil Co., 213 La. 588, 35 So. 2d 225, states: "A 'quitclaim deed' is one which purports to convey nothing more than the interest or estate of the property described of which grantor is seized or possessed, if any, at the time, rather than the property itself." See, also, Goldtrap v. Bryan (Fla.), 77 So. 2d 446; State v. Kemmerer, 14 S. D. 169, 84 N. W. 771; Hulke v. International Mfg. Co., 14 Ill. App. 2d 5, 142 N. E. 2d 717; Roddy v. Roddy, 342 Mich. 66, 68 N. W. 2d 762; Mack v. Tredway, 244 Iowa 240, 56 N. W. 2d 678; Annotation, 44 A. L. R. 1266; 26 C. J. S., Deeds, § 118, p. 946.

It is clearly provided in the Marketable Title Act, section 76-289, R. R. S. 1943, that a person shall have an unbroken chain of title to an "interest in real estate" when the conveyance "purports to create such interest in such person or his immediate or remote grantors * * *." The quitclaim deed from Francis L. Smith to Lizzie M. Smith did not purport to create in her an entire title to the land. It purported to create in her nothing more than the interest therein which her grantor then had in the land which was an undivided one-tenth interest as a tenant in common. The quitclaim deed was not the kind of a conveyance that could have created, under the Marketable Title Act, an entire title to the land in Lizzie M. Smith, the immediate predecessor of appellees. Lytle v. Guilliams, 241 Iowa 523, 41 N. W. 2d 668, 16 A. L. R. 2d 1377, involved the Marketable Title Act of Iowa. It is said in that case: "Only those who possess a title which complies with the conditions of the statute are qualified to invoke its aid." See, also, Tesdell v. Hanes, 248 Iowa 742, 82 N. W. 2d 119; Wichelman v. Messner, 250 Minn. 88, 83 N. W. 2d 800.

The quitclaim deed concerned herein did not qualify appellees to invoke the aid of the Marketable Title Act to sustain their assertion of ownership of the land by absolute title to the exclusion of appellants. The grantor

therein was the owner as a tenant in common of an undivided one-tenth interest in the land. That is what passed to the grantee and the deed did not purport to create in her a larger interest. It did not purport to transfer the interest in the land owned by the other tenants in common. The weakness and defect in the claim of appellees is that they assert an interest in the land more extensive than that which the quitclaim deed purported to create in the grantee named in that deed. If the conveyance from Francis L. Smith to Lizzie M. Smith had purported to create an entire title to the land in the grantee, it would have satisfied the provision of the Marketable Title Act and appellees would have been qualified to have invoked the aid of that act to sustain their claim of title to the land. The conveyance on which they rely was not of that character. The Marketable Title Act under the circumstances of this case did not intercept the undivided one-fourth interest in the land which had descended to appellants.

The judgment should be and it is reversed and the cause is remanded to the district court for Morrill County with directions to render a judgment quieting title to the interests in the land of appellants and appellees in accordance with this opinion and the stipulation of facts made by the parties as contained in the record herein.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.