UNITED STATES of America, Plaintiff,

v.

Ervin Everett WRIGHT et al., Defendants.

No. CR. 76–0–88.

United States District Court, D. Nebraska.

Jan. 19, 1977.

Daniel E. Wherry, U.S. Atty., Thomas D. Thalken, Asst. U.S. Atty., Omaha, Neb., for plaintiff.

John J. Respeliers, Omaha, Neb., for defendants.

MEMORANDUM OPINION

SCHATZ, District Judge.

The issue presented by defendant Ervin Everett Wright's motion to dismiss the in-

dictment for failure to state a crime (Filing No. 7) is whether a quit claim deed is a "certificate of interest in property, tangible or intangible," within the definition of "security" contained in 18 U.S.C. § 2311.

■ All parties agree that there are no reported decisions construing the statute either to include or exclude quit claim deeds. We are thus confronted with the task of determining whether the statute is intended to include quit claim deeds within its scope. In so doing we must bear in mind the principles that criminal statutes are to be strictly construed, *United States v. Freeman,* 473 F.2d 7 (8th Cir. 1973), and that the statute must be read in *pari materia.*

Title 18, United States Code, Section 2314, which prohibits *inter alia* interstate transportation of stolen or forged securities was enacted in 1934 as an extension of the Dyer Act. Section 2311 defines security as that term is used in Section 2314 to include:

Any note, stock certificate, bond, debenture, check, draft, warrant, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate; certificate of interest in property, tangible or intangible; instrument or document or writing evidencing ownership of goods, wares, and merchandise, or transferring or assigning any right, title, or interest in or to goods, wares, and merchandise; or, in general, any instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, warrant, or right to subscribe to or purchase any of the foregoing, or any forged, counterfeited, or spurious representation of any of the foregoing.

It has been suggested that:

There is nothing (in the legislative history of Section 2311) to indicate that Congress intended to have the list of specifically named instruments and documents

construed in their broadest possible senses, rather, all were intended to be "included" within the scope of the meaning of "security" in its usual financial or commercial sense.

*United States v. Canton,* 470 F.2d 861 (2d Cir. 1972).

■ It is worth noting that the term security in Section 2311 contains language which is broader than the comparable definition in the federal securities acts. Specifically the language at issue here (certificates of interest in property) is an addition beyond the definition contained in the securities acts. Thus it is reasonable to infer that Congress intended that the definition contained in Section 2311 extend beyond the strict commercial understanding of that term to include any instrument "which has value in itself, is capable of being negotiated, and hence, is of value to a forger or a thief." *Beam v. United States,* 364 F.2d 756 (6th Cir. 1966).

In *Merrill v. United States,* 338 F.2d 763 (5th Cir. 1964), the Court observed:

Each of the "securities" specified in § 2311 consists of a single document which in itself is sufficient to establish a given right, relationship, or property interest.

Each of the specific items in Section 2311 is a commercially distinct term within the realm of finance and commerce. Each term embraces a document indicating investment or ownership of property not in the possession of the holder of the document with the expectation of a return on the investment or reclamation of the property.

The question must ultimately be resolved by considering the effect of a quit claim deed. There is language in *People v. Jackson,* 24 Cal.App.2d 182, 74 P.2d 1085, to the effect that "the term 'Securities' in its ordinary meaning does not cover deeds to real property." However, this language is dicta unsupported either by case law or analysis of the concepts involved. The case itself stands for the proposition that the intent of a deed conveying an interest in mineral deposits brings it within the statutory defi-

nition of security which under California law includes a certificate of interest in an oil, gas or mining title or lease. However, the Court's statement suggests that deeds to real property are a unique type of document.

■ Under Nebraska law a quit claim deed:

> [I]s a conveyance of any interest or title of the grantor in and to the land described rather than of the land itself. . .
> [A]n ordinary quitclaim deed does not purport to convey the real estate but only any present interest of the grantor therein and . . . there is no implication from such a deed that the grantor had or conveyed entire title to the real estate.

*Smith v. Berberich,* 168 Neb. 142, 95 N.W.2d 325 (1959).

■ A quit claim deed does not by its terms affirm that the grantor possesses any interest in the property conveyed. Rather the grantor merely releases or abandons any claim to any interest in the property. *See* 26 C.J.S. Deeds, Section 8; 23 Am. Jur.2d Deeds, Sections 291 and 292. Since the deed in question does not certify an interest *in* property, as required by the statute, but rather certifies *no* interest in certain property, the Court concludes that the quit claim deed herein is not within the definition of "security" as intended by the statute and for that reason the indictment must be dismissed.

Accordingly, a separate order of dismissal sustaining the motion of defendant Wright is entered this day.