JOHN PENKALA *et al.* Defendants in Error, *vs.* JAN TOM-
CZYK *et al.* Plaintiffs in Error.

*Opinion filed April 24, 1925—Rehearing denied June 3, 1925.*

1. CLOUD ON TITLE—*when bill need not show possession.* The
rule that a bill to remove a cloud must show that the complainants
are in possession or that the premises are vacant and unoccupied
is applied only where that relief is the sole object of the bill; and
where the primary relief sought is to have a deed set aside as
void for fraud and want of delivery, the bill need not allege that
complainants are in possession or the premises unoccupied.

2. DEEDS—*equity may set aside deed for fraud notwithstanding
right to ejectment.* Courts of equity have jurisdiction of cases of
fraud and particularly to set aside a deed obtained by fraud, and
the fact that the complainants may have had a remedy at law by
ejectment is not to be considered as taking away from the court
jurisdiction to set aside a deed fraudulently obtained.

3. SAME—*when temporary injunction may be granted in suit to
set aside deed.* In a suit to set aside a deed obtained by fraud it
is discretionary with the court to grant a temporary injunction to
preserve the subject matter in controversy in its then condition,
and where such relief is prayed the injunction may be granted,
without determining any question of right, to prevent the further
perpetration of wrong or the doing of any act wherein the right
in controversy may be materially injured or endangered.

4. SAME—*when court setting aside deed should not decree re-
tention of earnest money.* Although complainants in a suit to set
aside a deed as obtained by fraud are not required to return or
tender back the particular sum paid them as earnest money under
a contract of purchase before they will be entitled to the relief
prayed, the court, deciding the case on demurrer to the bill, should
not decree that the sum paid as earnest money be retained by the
complainants as liquidated damages for failure of the defendants
to perform the contract, where no such relief is prayed in the bill
and no facts are stated therein warranting such relief.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. HUGO M. FRIEND, Judge, presiding.

LESTER E. WILLIAMS, and CHARLES P. R. MACAULAY,
for plaintiffs in error.

FRANK GRESKOWIAK, and EWART HARRIS, for defendants in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Defendants in error, John Penkala and wife, Agnieszka, (herein called complainants,) filed their bill in the circuit court of Cook county against Jan Tomczyk and wife, Anna, (herein referred to as defendants,) praying to have a certain deed declared null and void and a cloud on their title; that defendants may be ordered to deliver up possession of the premises to complainants, and that they be restrained by injunction from selling, mortgaging or otherwise encumbering or disposing of the premises or any part thereof, and for general relief. Defendants filed a demurrer to the bill, which was overruled by the court, and failing to further answer, as directed by the court, a decree was entered granting the specific prayer of the bill, and further ordering and decreeing that the rights of the defendants under and by virtue of the contract of sale be declared extinguished for their failure to perform it and that the $150 earnest money mentioned in the bill be forfeited and awarded to complainants for the failure of defendants to perform the alleged contract. The record is brought to this court for a review by writ of error.

The facts stated in the bill and admitted by the demurrer are the following: Complainants are the owners in fee of lot 29 in Fitch's re-subdivision of lot 26 in Sheffield's addition to Chicago, and were such owners on October 3, 1922, and on and prior to July 15, 1922. On July 15, 1922, they entered into a contract of sale of the premises with defendants for the sum of $3150, subject to an encumbrance of record described in the contract of sale. Defendants refused and failed to perform their part of the contract, and on October 4, 1922, complainant John Penkala offered to defendants to perform his contract. Penkala had in his

possession at that time a deed to defendants executed by complainants and which was to be delivered to defendants upon their performance of the contract. By inadvertence and mistake upon the part of Penkala the deed was left at the house of defendants after tender of performance had been made by him and after defendants had refused on their part to perform the contract. Defendants thereafter, by themselves or their agents, fraudulently recorded the deed October 5, 1922, in the recorder's office of Cook county, and now falsely and fraudulently pretend to own the premises. The agreed purchase price of the premises was $3150, which is a fair and reasonable price, and defendants paid complainants $150 as earnest money upon the purchase price and were to pay the balance by assuming a mortgage of $1000, giving a note secured by second mortgage for $1000, and by paying the remainder of $1000 in cash. Defendants have only paid the $150 upon the purchase price, have not assumed the first mortgage, which now stands unpaid and unreleased, have not given a note secured by second mortgage for $1000, and have not paid the $1000 cash by them to be paid. The recording of the deed is a fraud upon complainants and the same was secured by defendants without any consideration, and no delivery of the same was made by complainants to defendants. Unless defendants are restrained by order of the court from selling, conveying, encumbering or in any manner disposing of or affecting the title to the premises and from exercising any acts of ownership over the same, complainants will be irreparably damaged and their rights and interests in the premises lost. The prayer of the bill follows.

In the demurrer filed by defendants it is specially averred that the bill did not allege that defendants threatened or intended to encumber or dispose of the real estate; that the complainants did not offer thereby to return the $150; and that it did not appear therefrom that complainants are in possession or that the property is vacant and unoccupied.

The first contention of defendants is that the bill was demurrable because it fails to show that the complainants were in possession or that the premises were unoccupied, etc. The rule that a bill to remove a cloud must show that the complainants are in possession or that the premises are vacant and unoccupied is only applied where that relief is the sole object of the bill. It does not apply where the primary relief sought is upon other grounds, although clouds are sought to be removed from the title as incident to the other relief granted. (*Blake* v. *Blake*, 260 Ill. 70.) The primary relief sought by the bill in this case is to have the deed set aside and declared void on the ground of fraud and want of delivery. The rule invoked by defendants has no application to this case, in which fraud is charged and that there has been no delivery of the deed, the other relief being merely asked as incidental relief. *Clay* v. *Hammond*, 199 Ill. 370; *Ward* v. *Clendenning*, 245 id. 206; *Nowakowski* v. *Sobeziak*, 270 id. 622.

Defendants also contend that the bill does not allege the specific facts constituting the fraud charged against defendants. We think this is a misapprehension of the facts set forth in the bill. The bill alleges that Penkala went to defendants' house and offered to perform the contract of sale on his part; that defendants refused, and that at that time Penkala had with him the deed, signed by himself and wife, conveying to defendants the property, which deed he inadvertently and by mistake left at their house; that defendants thereafter, without performing their part of the contract, had the deed recorded and falsely and fraudulently contended that they owned the premises. These are sufficient facts, if taken to be true, to conclusively show a fraud on the part of defendants and that there was no delivery of the deed to them. The facts set forth in the bill are also sufficient to entitle the complainants to the specific relief prayed in the bill. Courts of equity have jurisdiction, in cases where fraud is practiced, and particularly in cases to

set aside deeds obtained by fraud, as in this case. The fact that complainants may have had a remedy at law by eject-ment is not to be considered as taking away from a court of equity the jurisdiction exercised in this case, and which is one of a class of cases of which equity courts always take cognizance.

It is generally discretionary with the court, in cases of this character, to grant a temporary injunction to preserve the subject matter in controversy in its then condition, and this is done, without determining any question of right, to prevent the further perpetration of a wrong or the doing of any act wherein the right in controversy may be ma-terially injured or endangered. (1 High on Injunctions,— 3d ed.—sec. 4 *et seq.*) The court properly allowed the tem-porary injunction, and there is no error in the decree mak-ing the injunction permanent.

The history of the wrong committed by defendants be-gan with their act of appropriating the deed unintentionally left with them by Penkala and having the same recorded as a deed to them, there being no delivery of it. The allega-tions in the bill setting out the contract of purchase and sale were merely preliminary facts leading up to a proper statement of the subsequent wrong committed, and against which, alone, relief was prayed by complainants. The mer-its or demerits of that contract of purchase and the real rights of the parties thereunder are not subjects of litiga-tion in this case and are not intended to be, so far as shown by the allegations in the bill. The fact that the contract was not set out *in hæc verba* in the bill is of no conse-quence, and the fact that the deed did not correctly recite the amount of the consideration, or that it is not in proper form, or that it improperly grants the premises free from the lien of the taxes for 1921, do not, as contended by de-fendants, (conceding that defendants are right in these con-tentions,) affect the merits of this lawsuit. Defendants can not in one breath claim title under the deed and in another

make the claim that the deed was not in conformity with the contract and rely on the latter ground to defeat relief in this case. If they desired to make the contention that they were entitled to specific performance of the contract of purchase, that the deed tendered was not in proper form, and that they were entitled to a deed, etc., they should have answered the bill and set up their rights by cross-bill or otherwise. The only question on the bill as framed and opposed by the demurrer of defendants is whether or not complainants were entitled to the relief prayed and granted, and we do not think there can be any question that the court's decree, so far as it related to the relief prayed, is sustained by the facts admitted by the demurrer. It was not necessary for complainants to tender back the $150 paid in order that they might have the relief prayed. They were entitled to be put in the same position they were in at the time defendants unlawfully appropriated the deed. It may be they are not entitled, under the contract of purchase, to retain this sum, but they are entitled to have relief against the fraud perpetrated without returning such sum.

For the reasons stated the court erred in decreeing that the rights of the defendants in said contract of sale be extinguished and the sum paid as earnest money on the contract of purchase be forfeited and awarded to the complainants as liquidated damages for failure of defendants to perform the contract. No such relief was prayed specifically in the bill and no facts were stated therein warranting any such relief. The decree should therefore be modified by striking therefrom the erroneous part of the decree, and that will be the order of this court.

The decree of the circuit court is in part affirmed and in part reversed and the cause remanded, with directions that the decree be modified as herein indicated. It is further ordered that the costs in this court shall be paid equally by the parties.

*Reversed in part and remanded, with directions.*