**Klein's Restaurant Corporation, Appellee, v. George McLain et al., Appellants.**

**Gen. No. 39,746.**

Opinion filed December 15, 1937. Rehearing denied December 28, 1937.

HAROLD L. LEVY, JOHNTRY & FITZGERALD, and GREN-
VILLE BEARDSLEY, all of Chicago, for appellants; GREN-
VILLE BEARDSLEY, of counsel.

HAAS & LEFFMANN, of Chicago, for appellee; PAUL
H. LEFFMANN, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion
of the court.

Defendants appeal from an order entered by the
court for a temporary injunction restraining the de-
fendants from entering plaintiff's place of business,
harrassing, hindering, molesting or interfering with
plaintiff, its agents, servants or employees; impeding,
hampering, hindering or harrassing plaintiff in the
conduct of its business; appearing with, or causing
others to appear with banners, placards, posters, signs
or notices of any kind, nature or description, intended,
calculated to interfere with, impede, harrass or hamper
plaintiff in the operation or conduct of its business;
exhibiting, or causing to be shown, exhibited or carried,
any sign, placard or poster upon which appears the
statement, ''This place is unfair to organized labor,''
or words of similar import; making any statement that
''plaintiff is unfair to organized labor'' or a statement
of like import or meaning. This was prayed for by
the plaintiff in its bill of complaint.

From the record it appears that the matter in ques-
tion was referred, upon the issues formed upon the
plaintiff's bill of complaint and the defendants' an-
swer, to a master in chancery who, on July 16, 1937,
filed his report, and thereafter the court approved the
master's report and entered an order granting the
injunction as prayed for by the plaintiff.

It appears from evidence presented to the master
in chancery that in September, 1936, a strike was called
by defendants against the plaintiff, and that two
pickets were posted by defendant, one on the street in

front of plaintiff's restaurant and the other at the rear entrance to plaintiff's place of business, who carried banners upon which appeared the following:

"This place is unfair to organized labor, Local 484, Hotel and Restaurant Employees International Alliance; Local 278, Bartenders' International League of America, affiliated with American Federation of Labor, Illinois Federation of Labor and Chicago Federation of Labor."

The disputed question is whether or not the employees of the plaintiff desired to join the union, one of the defendants in this cause. Plaintiff permitted representatives of the union to enter its place of business for the purpose of inducing the waitresses who worked for plaintiff in its restaurant business to join the union, which they refused to do, and the defendants called a strike because the plaintiff refused to discharge the employees and employ union help. However, we are not expressing an opinion upon the merits of the controversy for the reason that from an examination of the record we find the chancellor has granted the relief prayed for in the bill of complaint.

This question is before us upon the theory that the injunctional order of the court was an interlocutory one and granted for the purpose of permitting consideration of any further proceeding by the parties and in order that the matter might remain *in statu quo* until a final hearing.

The Supreme Court in the case of *People v. Standidge,* 333 Ill. 361, made this statement upon the question: "An interlocutory injunction is merely provisional in its nature and does not conclude a right. It usually stands as a binding restraint until rescinded by the further action of the court. Its object is to preserve the subject in controversy, but it is not decisive of the cause upon the merits. The court merely

recognizes the fact that, without expressing a final opinion, a sufficient showing has been made to warrant the preservation of the property or the rights in issue *in statu quo* until a hearing may be had upon the merits of the cause. The granting of an interlocutory injunction necessarily rests largely in judicial discretion, to be exercised in view of the facts of the particular case. 1 High on Injunctions, (4th ed.) secs. 4, 5, 5a, 11; 2 Words and Phrases, (2d series) pp. 1149, 1150; 14 R. C. L. p. 312; *Penkala v. Tomczyk,* 317 Ill. 356; *Baird v. Community High School District,* 304 Ill. 526.'' From this rule announced by the Supreme Court it is clear that an interlocutory injunction is merely provisional in its nature and does not conclude a right. The order of the court, although in form declares the order is a temporary one, in effect disposes of the merits of the controversy between the parties.

There is another question here regarding which we believe the court erred, and that is as to that part of the order granting leave to the defendants to file *nunc pro tunc* as of the date of the entry of the decree, written objections to the master's report. The court in the order states, ''and the court being advised of the nature and content of such objections, orders that upon the filing of such written objections same be and hereby are overruled *nunc pro tunc* as of this date.'' Since no objections were filed and none presented to the court, we are of the opinion that the overruling of the objections in the manner indicated was erroneous. For the reasons stated the order is reversed and the cause remanded with directions to the court to proceed to a further hearing and enter such final decree as would be justified by the record.

*Reversed and remanded with directions.*

Denis E. Sullivan and Hall, JJ., concur.